Wash 208
Pac 346

114  307'
121  480'
114  307
136  269

[S. F. No. 181.  Department Two.—September 18, 1896.]

## J. T. JENNINGS, APPELLANT, v. J. J. BROWN, RESPONDENT.

ELECTION CONTEST—APPEAL—BILL OF EXCEPTIONS—AFFIRMANCE OF JUDGMENT.—When the bill of exceptions taken upon an election contest fails to show error, or to show all that occurred at the trial in respect to the counting of ballots, the judgment of the court below will not be reversed because the court declined to recount the votes, after they had been once counted, and a tally kept by two clerks and the court reporter, all of whom agreed in the tally, and the court being satisfied that no mistake had been made.

ID.—WRITTEN PARTY DESIGNATION OF UPON BALLOT—DISTINGUISHING MARK.—Where a name is written upon the ballot by the voter, he is authorized to add a party or independent designation to the name, as a *descriptio personæ*, and as part of the designation of the person voted for and authorized by statute, and such designation is not a distinguishing mark prohibited by statute.

ID.—CONSTRUCTION OF ELECTION LAW.—The provisions of the election law are not directory, but mandatory; yet they are to be liberally construed.

APPEAL from a judgment of the Superior Court of San Mateo County.  GEORGE H. BUCK, Judge.

The facts are stated in the opinion of the court.

*George C. Ross*, and *Knight & Heggerty*, for Appellant.

*Sullivan & Sullivan*, for Respondent.

The addition of a political designation to the ticket has been held not to invalidate the ticket.  (*Coffey* v. *Edmonds*, 58 Cal. 525, 526; *Coffey* v. *Lyman*, 92 Cal. 135.)

TEMPLE, J.—This is a contest for the office of supervisor in the county of San Mateo.  The judgment ap-

pealed from confirms the election of defendant. The appeal is from the judgment with a bill of exceptions.

In precinct No. 1 the record shows that one hundred and eighteen votes were counted without objection for contestant, and eleven votes were objected to and reserved by counsel for respondent. One hundred and thirty-four votes were counted without objection for respondent, and nineteen votes were objected to by contestant. It subsequently appears that all ballots were counted, and as counted the tally stood for Brown one hundred and fifty-four votes, for Jennings one hundred and twenty-eight. It is not expressly stated that the ballots objected to by respondent's attorney were ballots for contestant, or that those objected to by contestant were cast for respondent, but it would naturally be supposed that such was the case, and, if so, then the tally clerks must have made a wrong addition. It should have been on that hypothesis one hundred and fifty-three for Brown and one hundred and twenty-nine for Jennings. This would have changed the result as finally declared.

The court was requested by the contestant to recount the votes, but declined to do so. There were also four ballots which had not been counted by the precinct officers.

The bill of exceptions fails to show error in this respect. It surely does not show all that occurred at the trial, for, while it appears that some thirty ballots were objected to, it is impossible to find from the record how the court ruled upon one-half that many. There were two tally clerks, and the court reporter also kept tally. All agreed, and the court was satisfied that no mistake had been made.

We have carefully examined the ballots which were brought here for our inspection under a previous order. We find nothing upon any of these worthy of notice, unless it is the ballot upon which the voter has written under the head "State Printer" the name "W. D. Craig, Independent Democrat." It is objected that the voter was only authorized to write the name of the person

voted for, and that the addition "Independent Democrat" is unauthorized, and may constitute a distinguishing mark. Section 1197 of the Political Code provides that after a candidate's name shall be printed his party designation, and they were so printed on the ballot. It would be quite natural, then, that one writing in the name of a candidate not in the list should add such designation. Perhaps the statute should be construed as requiring or permitting the name to be written in the same manner as the others are printed. The designation would then be a *descriptio personæ*, and a part of the designation of the person voted for and authorized by the statute.

This state of things existed in *Tebbe* v. *Smith*, 108 Cal. 101; 49 Am. St. Rep. 68.

Upon all the ballots cast at one precinct there appeared written under the head of "Justice of the Peace" "C. G. Brown, Republican." It was shown that the writing was all in the same hand, and that but one person voting at the precinct was lawfully assisted. This court sanctioned the counting of the vote for the person lawfully assisted. There the word "Republican" was or might have been a distinguishing mark, just as "Independent Democrat" is here; the fact was disregarded as of no consequence.

I am not inclined to hold that any of the requirements of the election law are directory only, but, while all of its provisions are mandatory, they should be liberally construed.

The so-called Australian ballot system only secures secrecy in voting when the elector desires it and has sufficient independence to insist upon it. But a voter can, and by one who has sufficient power over him be forced to, so mark his ballot that it can be identified. Many ways could be suggested in which this could be done without destroying the legality of the ballot.

It is quite manifest in this case that the words were not intended as a distinguishing mark, and, as the law

may be construed as permitting it, I see no reason for changing the rule followed in *Tebbe* v. *Smith*.

The judgment is affirmed.

McFARLAND, J., and GAROUTTE, J., concurred.