[Sac. No. 239.   Department Two.—December 13, 1897.]

E. J. CROLY, Appellant, v. BOARD OF TRUSTEES OF THE CITY OF SACRAMENTO, Respondent.

MUNICIPAL CHARTER OF SACRAMENTO—POWER OF BOARD OF TRUSTEES—TRIAL OF CHARGES AGAINST SUPERINTENDENT OF STREETS—JURISDICTION—SUFFICIENCY OF CHARGES—PROHIBITION.—Under the municipal charter of the city of Sacramento, the board of trustees has jurisdiction to try the superintendent of streets upon charges of incompetency, neglect of official duty, and being interested in contracts payable from the city treasury, in violation of the charter, and to remove him from office, if found guilty thereof; and the question of the sufficiency of the charges in form must be made to the board having the authority to determine them, and cannot be considered upon application for a writ of prohibition, nor will such writ lie to prevent a trial of the charges, where none of them is based upon a violation of the general laws of the state, and the subject matter of the charges is within the class of matters that the board is authorized to try.

ID.—CONSTITUTIONAL LAW—EXERCISE OF JUDICIAL POWER—MUNICIPAL AUTHORITY.—The charter of the city of Sacramento is not unconstitutional as conferring the exercise of a judicial power upon the board of trustees to try a municipal officer thereunder; but the appointment and removal of a city superintendent of streets is a matter purely municipal, which, under the constitutional power to frame a city charter, may be conferred upon the municipal body, and is rather the exercise of a power necessary for its police and good administration than the exercise of judicial powers by a legislative body.

ID.—COMMON LAW POWER OF AMOTION OF OFFICERS.—It seems that there is a common-law power of amotion of officers as an incident to all corporations, though not conferred by statute; but the question is undecided, and is referred to as showing that a charter provision authorizing such amotion is not to be considered as unprecedented, or held unconstitutional or inoperative unless upon clearly sufficient grounds.

ID.—DOUBLE PENALTY—REMOVAL AND DISQUALIFICATION—QUESTION UNDETERMINED.—The board of trustees of Sacramento having power and jurisdiction under its city charter to remove the superintendent of streets from office for sufficient cause shown, as provided therein, prohibition will not lie to restrain their action, regardless of the question whether the power conferred by the charter upon them to perpetually disqualify him from holding office under the municipality is or is not invalid; and such question is left undetermined until properly raised, upon the rendition of a judgment of disqualification by the board of trustees. ·

APPEAL from a judgment of the Superior Court of Sacramento County.   A. P. Catlin, Judge.

The facts are stated in the opinion of the court.

White, Hughes & Seymour, for Appellant.

Hiram W. Johnson, for Respondent.

THE COURT.—A citizen of the city of Sacramento presented in writing to the board of trustees certain charges against appellant, as superintendent of streets; whereupon the board fixed a time for the hearing thereof, and caused a copy of the charges and a notice of the time fixed for the hearing to be served upon appellant, who thereupon petitioned the superior court for a writ prohibiting said board from proceeding to try him upon said charges.   An alternative writ was granted, with an order to show cause why it should not be made absolute.   The board demurred to the petition, and upon the hearing the demurrer was sustained, the alternative writ discharged, and appellant's petition dismissed; and from that judgment he appeals.

The charter of the city of Sacramento contains the following provisions:

"Section 25.  The board of trustees shall have power: 1. To try, and by majority vote of all the members of the board to remove from office, appointees against whom charges have been preferred; and by not less than seven affirmative votes to remove

any appointee at any time when in the judgment of the board the public service will be improved thereby."

Section 64 of the said charter provides that the superintendent ·shall be a qualified elector, "and shall be appointed by the mayor by and with the consent of the board of trustees, and whose term ·of office shall be two years."

Section 211 provides as follows: "No member of the board of trustees and no officer of or employee of the city shall be or become, directly or indirectly, interested in or with the performance of any contract, work, or business, or in the sale of any article the expense, price, or consideration of which is payable from the city treasury, or in the purchase or lease of any real estate or property belonging to or taken by the city, or which shall be sold for taxes or assessments, or by virtue of legal process at the suit of the city. Any member of the board or any officer or employee of this city violating the provisions of this section, or who shall be, directly or indirectly, interested in any franchise, right or privilege granted by the city while he is such member, officer, or employee, unless the same shall devolve upon him by law, shall forfeit his office, and be forever disqualified from holding any position in the service of the city; and all contracts made or rights or franchises granted in violation of this section shall be absolutely void."

The charges against appellant are of incompetence, neglect of official duty, and of violations of said section 211, and contain seven or eight specifications.

Appellant's first contention is stated as follows: "Assuming that upon charges in proper form being presented the board of trustees could try the petitioner and pass judgment removing him from office, the accusation preferred is not sufficient to confer jurisdiction."

This is, in effect, a demurrer to the charges presented to the board, and assumes that the board would have lawful authority to try him and impose the prescribed penalty if the charges presented to it sufficiently stated the grounds of accusation. It is not questioned that the subject matter of the charges attempted to be stated come within the class of matters which the board is authorized to try, but the contention is that they are so defectively stated as not to give the board jurisdiction. But if the board

has jurisdiction to try appellant upon the matters alleged, if properly stated, it has power to determine, in the first instance at least, their formal sufficiency, and this objection should have been made to the board. The writ of prohibition will not lie to determine the sufficiency in form of these charges. If the charges were based upon violations of the general laws of the state, as that appellant had murdered or robbed A B, prohibition would lie; for though one guilty of such offenses is not a fit person to occupy any municipal office, he must first be convicted by a court having jurisdiction to try such offenses, and upon the record of such conviction the board might lawfully remove him under said provision of the charter. (*Rex v. Richardson,* 1 Burr, 517; 1 Dillon on Municipal Corporations, sec. 251.) It may be said, however, that such charges "must be specifically stated with substantial certainty; yet the technical nicety required in indictments is not necessary." (1 Dillon on Municipal Corporations, sec. 255.)

It is further contended by appellant that said provision of said charter is unconstitutional; that the trial of an officer or employee under said provision is an exercise of judicial power, and the board, while acting thereunder, acts as a judicial tribunal; that the charter attempts to provide a court for the trial of city officers for misdemeanors in office, notwithstanding the legislature has enacted a statute under which civil officers shall be tried for such offenses; and cites the Penal Code, sections 758 to 772, inclusive.

Section 1 of article VI of the constitution, which is supposed to be violated by said provision of the charter, is as follows: "The judicial power of the state shall be vested in the senate sitting as a court of impeachment, in a supreme court, superior courts, justices of the peace, and such inferior courts as the legislature may establish in any incorporated city or town, or city and county."

Appellant argues that "all the judicial power which may be exercised in this state under the constitution is vested in the courts specifically named in the constitution, and in such inferior courts as the legislature may establish by virtue of the section last referred to."

The powers of the government of this state are divided into

three separate departments—the legislative, executive, and judicial. The section above quoted creates the judicial department, by providing for a system of courts, or judicial tribunals, properly so called, the jurisdiction of which is fixed by the constitution itself or by the legislature, but does not necessarily exclude the granting of judicial power by the same constitution to municipalities, or other local subdivisions of the state, in matters purely local, and in which the state at large has no direct interest. The language of the constitution in creating the judicial department is no more comprehensive than that used in creating the legislative department, which declares that: "The legislative power of this state shall be vested in a senate and assembly, which shall be designated the legislature of the state of California"; yet the same constitution provides that cities having more than three thousand five hundred inhabitants may "frame a charter for its own government" through a board of fifteen freeholders elected by the voters of the municipality, which charter, when ratified by a majority of the voters of such city, shall "be submitted to the legislature for its approval or rejection as a whole, without power of alteration or amendment. Such approval may be made by concurrent resolution, and, if approved by a majority vote of the members elected to each house, it shall become the charter of such city, or, if such city be consolidated with a county, then of such city and county, and shall become the organic law thereof, and supersede any existing charter and all amendments thereof and all laws inconsistent with such charter." (See Const., art. XI, sec. 8, as amended in 1892.) Here it will be seen that legislative power to frame a charter is expressly given, notwithstanding the comprehensive language in which it is declared that "the legislative power of the state shall be vested in" the legislature.

The charter of the city of Sacramento, here under consideration, was framed under said provision of the constitution, and is of the class commonly known as "freeholders' charters."

It cannot be questioned that the appointment of a superintendent of streets is a matter purely municipal, and which may properly be left to the municipality to be exercised in the manner provided in its charter, and it would seem to follow as a logical sequence that the power to remove

an officer so appointed is equally a matter of purely municipal concern. It is said that: "A provision in a city charter vesting the board of aldermen with the sole power to try all impeachments of city officers, the judgment only extending to removal and disqualification to hold any corporate office under the charter, is not unconstitutional as authorizing the exercise of judicial powers by a legislative or municipal body, but is rather the exercise of a power necessary for its police and good administration." (Dillon on Municipal Corporations, sec. 244.)

In England, it is held that "the power to remove a corporate officer from his office, for reasonable and just cause, is one of the common-law incidents of all corporations." (*Rex v. Richardson,* 1 Burr. 517.) It is there denied that there can be no power of amotion unless given by charter or prescription; and the contrary doctrine is asserted—that from the reason of the thing, from the nature of corporations, and for the sake of order and government, the power is incidental. Judge Dillon, though stating that the question has not been judicially settled, expresses the opinion that our municipal corporations, in the absence of any express or implied restriction in the charter, possess the incidental power, not only to make by-laws, but for cause to remove corporate officers, whether elected by it or by the people. (Dillon on Municipal Corporations, secs. 242, 243.)

In *Richards v. Clarksburg,* 30 W. Va. 491, 20 Am. & Eng. Corp. Cas. 111, the power of the common council to remove the mayor, as a common-law incident of all corporations, and without any express grant of the power of amotion given by the statute, was sustained.

Other cases more or less directly sustaining the proposition that the power to remove officers is a common-law incident to corporations might be cited, but that question is not here so involved as to require a decision, and is not decided. They are referred to for the purpose of showing that the provision of the charter here in question is not an innovation, nor an unprecedented provision which should be viewed with fear and distrust, or held unconstitutional or inoperative, unless upon clearly sufficient grounds.

Returning from these general considerations to the charter

provision before us, it is to be observed that it provides two separate and distinct penalties for official delinquency and misconduct: the one removal from office, the other a perpetual disqualification from holding any other position in the service of the municipality.  The foregoing citations and quotations sufficiently indicate that both of these penalties are recognized as incidents to the corporate existence of municipalities.  We are not, however, called upon to decide in this proceeding whether the second penalty is one which may properly be imposed under the charter, or, in other words, whether the penalty of perpetual disqualification and the consequent deprivation of an important right of citizenship can be adjudged against an individual by any other than a strictly judicial tribunal; for it is clear that the right of amotion is but the exercise of a police power necessary to the welfare of a city.  So much of the charter provision, therefore, is unquestionably valid.  The decision upon this point is determinative of this appeal, for the suit is in prohibition to restrain the board of trustees from acting upon the theory that the law as a whole is invalid and unconstitutional.  We need not attempt to anticipate the board's decision, and it is sufficient to say that, if it should render a judgment of perpetual disqualification against plaintiff in this proceeding, it will be time enough then and thereafter to pass upon that question.

The judgment appealed from is affirmed.