[Sac. No. 359. In Bank.—July 20, 1898.]

## J. K. PACKWOOD, Respondent, v. D. R. BROWNELL, Appellant.

ELECTION CONTEST—MALCONDUCT OF ELECTION BOARD—INSUFFICIENT STATEMENT—DISMISSAL.—A statement of contest of an election, which merely specifies malconduct of the judges of election in not opening the polls at sunrise of the day of election, and in not keeping the polls open for the length of time required by law, and in allowing persons to vote whose names did not appear upon the precinct register, and in not being all present during all of the time that the polls were held open, and that votes were received during the absence of certain members of the board, is insufficient to sustain the contest, and should be dismissed.

ID.—PRESENCE OF ELECTION OFFICERS.—The law does not require the presence of all the election officers during all the time that voting is in progress.

ID.—ILLEGAL VOTES.—The mere fact that illegal votes were received by the judges of election is no ground for rejecting the whole vote of a precinct, where there is nothing to show that they were received through fraud or conspiracy, or in such manner as to discredit the presumptive integrity of the board, or to show that there is no practicable means of ascertaining the true vote, and purging the poll.

ID.—OPENING POLLS AT SUNRISE—DELAY CONSISTENT WITH HONESTY—NONOBSTRUCTION OF SUFFRAGE.—Some latitude must be allowed for judgment as to the time of sunrise in the opening of polls; and where delay in opening them precisely at sunrise is not alleged to be inconsistent with honest intent, and the violation of the letter of the law is not alleged to have operated to obstruct the full and fair expression of the suffrage of the precinct, the bald fact of such delay is not sufficient to disfranchise the precinct.

APPEAL from a judgment of the Superior Court of Lassen County. W. T. Masten, Judge.

The facts are stated in the opinion.

Shinn & Shinn, for Appellant.

N. J. Barry, for Respondent.

THE COURT.—When this case was in Department the opinion hereto attached was prepared by Mr. Commissioner Britt, and after further consideration we are satisfied with the conclusion therein reached. For the reasons given in that opinion the

judgment is reversed, with directions to the court below to dismiss the proceeding:

"The parties here were opposing candidates for the office of supervisor of supervisor district No. 4, in Lassen county, at the election held November 3, 1896. In the total poll Brownell had two votes more than his opponent, and received a certificate of election accordingly. In Pitt river precinct of said district, thirty-two votes were cast for said office, those for Brownell exceeding those for Packwood by six; so that if the return from this precinct were thrown out Packwood would be elected. The latter instituted the present proceeding to contest the election, alleging in his written statement, filed as required by section 1115 of the Code of Civil Procedure, malconduct on the part of the board of judges of election at Pitt river precinct. The contestee moved the court below, under section 1122 of the code, to dismiss the proceeding on the ground of insufficiency of the causes of contest set out in said statement, and that it showed no ground for rejecting the returns from said precinct. The motion was denied, and a trial was had with the result that the court rejected the vote of said precinct and adjudged that Packwood had been duly elected.

"The question we find most exigent on appeal is whether the court erred in denying the said motion of the contestee to dismiss. The following are the specifications of malconduct contained in the statement: '1. That the said board of judges of election of Pitt river precinct did not open the polls at sunrise of said day of election nor keep the polls open for the length of time required by law; 2. That said board . . . . allowed certain persons to vote at said polls on said day of election whose names did not appear on the precinct register of said Pitt river precinct; 3. That all of the members of the board . . . . were not present during all of the time that the polls were held open, and that votes were received during the absence of certain members of said board of election.' We shall consider these in their inverse order.

"As to the third specification, it is enough to say that the law does not require that all the members of the board shall be present during all the time that voting is in progress. As to the second, it is wholly insufficient in that it fails to state that

the alleged illegal votes were received through some fraud,. conspiracy, mistake, or negligence of the board, infecting their proceedings or discrediting their presumptive integrity, and in failing to show that there are no practicable means of ascer-- taining the true vote—of 'purging the poll'; the mere fact that. illegal votes are received is no ground for rejecting the whole vote of a precinct. (*Russell v. McDowell*, 83 Cal. 77, 79; *Whip-- ley v. McKune*, 12 Cal. 352; McCrary on Elections, secs. 523,. 524.)

"The first ground of contest is the main subject of dispute· by counsel. Its gist is that the board did not open the polls at sunrise; the averment following—that the polls were not kept open for the length of time required by law—is a conclusion only, and adds no force to the charge. Section 1160 of the· Political Code requires the polls to be opened at sunrise of the morning of the day of election. We may admit that the pro-- vision is mandatory, but even mandatory provisions of the elec-- tion law are to be liberally construed. (*Jennings v. Brown*, 114 Cal. 307.) How is the time of sunrise within the meaning of· the statute to be determined? If by observation of the appear-- ance of the sun's disk above the horizon of the polling place,. then the occurrence of clouds or fog must make the legal time· to open the poll a matter of guess. If the polling place is in a valley among mountains, it may be sunrise on the neighboring summits while it is yet shadow in the valley. If the time is to· be fixed by reference to an almanac, then, since in the month of November the sun rises later or earlier accordingly as we· reckon north or south of any point, accuracy can be attained only by consulting tables calculated for the exact latitude of the· precinct. These considerations illustrate the difficulty, perhaps· the impossibility, which may be encountered in the attempt to determine the lawful time for opening the polls at a given pre- cinct. Therefore, it must be from the nature and necessity of the case that the legislature intended that some margin, even though narrow, should be allowed for honest effort to comply· with the statute, and did not intend that the vote of any pre-- cinct should be invalidated because the polls were not open at· the very instant of sunrise. Therefore, further, if any person seeks to take advantage of omission in this regard, he must al--

lege some delay sufficient to show a transgression of the statute inconsistent with an honest and intelligent endeavor to obey its command, or that the violation of its letter on which he relies has operated to obstruct the full and fair expression of the suffrage of the precinct. This conclusion results from the elementary principle that in pleading, a party must allege the ultimate facts which he must prove; here the statement shows that thirty-two votes were polled at the election held in Pitt river precinct, and the bald fact relied on to invalidate it is that the polls were not opened at sunrise; we are unwilling to allow that proof of this and no more would justify the disfranchisement of the precinct. The authorities most pertinent to the subject support our view. (*Cleland v. Porter,* 74 Ill. 76; 24 Am. Rep. 273; *Soper v. Sibley County,* 46 Minn. 276; *Holland v. Davies,* 36 Ark. 450; *People v. Cook,* 8 N. Y. 91-93; 59 Am. Dec. 451; McCrary on Elections, sec. 165.) A contrary doctrine would, we are strongly disposed to think, 'lead to more fraud than it would prevent.' (*Atkinson v. Lorbeer,* 111 Cal. 421.) The judgment should be reversed, with directions to the court below to dismiss the proceeding."

Justice Henshaw took no part in the decision of this case.

Harrison, J., and Temple, J., dissented.

BEATTY, C. J., concurring.—I concur in the judgment of reversal. The requirements as to time and place of holding elections are certainly mandatory. But time in this connection means the proper day for holding the election, and does not mean that the polls must necessarily be opened at the hour of sunrise on that day. A slight delay in opening the polls, explained and excused by the absence of one of the officers, and by the necessity of setting up the booth, railings, etc., ought not to disfranchise the voters of a precinct, in the absence of any showing of actual injury. Delay in opening the polls in a precinct, where ample time is still left for receiving all the votes, is a much less serious irregularity than a premature closing of the polls, and yet I suppose it would scarcely be contended that an entire precinct should be thrown out because the polls were closed at 4 o'clock, or even earlier, if at the same time it ap-

peared that every registered voter had deposited his ballot before the closing.

In this case it was found by the court, although it had not been alleged, that at least one voter was prevented from casting his ballot by the delay in opening the polls, but it did not appear how he would have voted, and even allowing that he would have voted for the contestant, the result of the election would not have been changed.

It also appears that one man not registered in the precinct was allowed to vote. Counting his vote and the vote that was lost by the delay in opening the polls, for the contestant, the result would have been a tie. But as to the illegal vote, I think the court erred in rejecting the offer of the contestee to prove that it was cast for the contestant. The voter was "assisted" in marking his ballot by an officer of the election who was called as a witness to prove that the vote was cast for contestant. The offered evidence was excluded upon the ground that the election law (Pol. Code, sec. 1208) prohibits any disclosure by the assisting officer of the contents of the ballot. But this law applies in terms only to the ballots of *electors.* Where a ballot is unlawfully deposited by one who is not an elector the law ought not, and in my opinion does not, enjoin secrecy as to his ballot where the interest of third parties and of the public is concerned.