Bigger, J.
This is a proceeding on error from the judgment of the probate court in an action brought under the provisions of the Brannoek Local Option Law to contest the validity of an election held in a residence district in this city under that law. The decision of the probate court was in favor of the plaintiff, the defendant in error here, and the judgment of the probate court was that the election was null and void. One of the grounds upon which the court below based its judgment was that the eleetiion was not held within the thirty days limit fixed by the statute and that raises the first question presented for decision here.
It is conceded that the election was not held within the thirty days limit, but was held thirty-one days after the filing of the petition. Did this render the election null and void? It is the contention of the plaintiff in error that this provision of the statute is directory merely, and that it is not essential to the validity of an election under the Brannoek Law that the election be held within thirty days after the filing of the petition.
After a careful examination of the question here presented, *354 I have reached the conclusion that upon principle and the weight of authority this provision of the law is not directory but mandatory, and that it is essential to the validity of an election held thereunder, that it be held within thé period fixed by statute. And in the first place it is a general rule upon the subject of elections that time and place are of the substance of every election. Am. & Eng. Enc. of L., Vol. 10. 679; Dickey v. Hurlburt et al, 5 Cal., 343; Stevens v. The People, 89 Ill., 337.
It is claimed that where a statute requires something to be done by an officer within -a certain time for a public purpose that the requirement is to be considered as directory only, and if the duty be neglected within the time prescribed, but be afterwards performed, that the public shall not suffer on account of the delay. Counsel cite the case of Tonsey v. DeHuy, 62 S. W. R., 1118, a Kentucky case, in support of the claim that this principle of law is applicable to a case of this kind, and it may be conceded that this case supports the claim of the plaintiff in error.
Attention is -also called to the fact that by our statute there is a requrement that the polls be kept open during certain hours on election day, and that it has been held that it will not vitiate an election if the polls be not opened or closed at the particular hours specified where no fraud has been practiced and no substantial rights violated. Chief Justice Beatty, of the Supreme Court of California, in the case of Packwood v. Brownell, 121 Cal., 481, in considering this question, says that:
“The requirements as to time and place of holding elections are certainly mandatory. But time in this connection means the proper day for holding the election and does not mean that the polls must necessarily be opened at the hour of sunrise on that day. A slight delay in-opening the polls, explained and excused by the absence of one of the officers, etc., ought not to disfranchise the voters of a precinct in the absence of any showing of actual injury.”
My attention is'also called to the fact that two of the common pleas judge of this state have held, in ordering an election *355 under this law, that this requirement was only directory. As to that, it is to be observed that the report of those decisions is upon that point very brief, and no authorities are cited in support of the decisions upon that point, but it seems to me that the decided weight of authority as well as the better reason supports the claim of the defendant in error that this requirement is mandatory and not merely directory, and that it is essential to the validity of an election under this law that it be held within the time prescribed by statute. The following authorities support the claim of the defendant in error upon this proposition: 19 Am. & Eng. Enc. of L., p. 503; 10 Am. & Eng. Enc. of L., p. 679; Boone v. The State, 10 Texas Ap., 418; Yares v. The State, 59 S. W. R., 275; Hayes v. The State, 33 Texas Crim., 547; In the matter of R. S. Woolridge, 30 Mo. Ap., 612-618; State, ex rel, v. Ruark, 34 Mo. Ap., 325; State of Nevada, ex rel, v. County Commissioners, 6 Nev., 104; Stevens v. The People, 89 Ill., 337; Gassard v. Vaught, 10 Kas., 162.
This last ease, which was not cited by counsel, is to my mind especially persuasive upon this question. The 'opinion in the case was delivered by Justice Brewer, then a judge of the Supreme Court of Kansas. The statute in that ease required that an election should be ordered by the county commissioners within fifty days after the presentation of a petition containing the required number of signatures. This was not complied with, and the court held that an election held at a later date was null and void. The syllabus is:
“An election for the re-location of a county seat must be held within fifty days after the presentation of a petition therefor or it is void. ’ ’
It will be found from the report in this case that substantially the same arguments were there advanced in support of the validity of the election that are made here. The argument of Judge Brewer in the opinion holding that this provision is not directory merely but mandatory, seems to be entirely pertinent here, and I cite it without stopping to quote from it at length. ' •
W. B. Wheeler, for plaintiff in error.
Gumble & Gumble, for defendant in error.
The question as to what requirements of a statute are directory merely, and what are mandatory, is one oftentimes of much difficulty, but in the light of the authorities upon this question, I am of the opinion that the requirement of this statute is not directory merely, but mandatory, and that the decision of the probate court in holding that this election was null and void was correct, and judgment is affirmed. This makes it unnecessary to consider further questions raised and discussed in this case.