[Civ. No. 306.    Second Appellate District.—March 26, 1907.]

## CHARLES L. GOOD, Respondent, v. COMMON COUNCIL OF THE CITY OF SAN DIEGO et al., Appellants.

MUNICIPAL CHARTER—RECALL OF ELECTED OFFICER—CONDITIONAL TENURE OF OFFICE.—Where a municipal charter provides that the holder of any elective office may be removed at any time by the electors qualified to vote for a successor, subject to the condition that twenty-five per cent of the electors of the district express their disapproval of his action upon some measure or as to some policy, and demand that he be sustained by a vote of confidence or retire, the charter does not contemplate an ordinary "removal for cause," but by virtue of the charter provision, every elective officer elected after the provision was adopted holds his office subject to the condition subsequently expressed therein.

ID.—SUFFICIENCY OF REASON EXPRESSED FOR RECALL.—The recall petition of the twenty-five per cent of electors is only required to contain a general statement of the grounds of dissatisfaction on which the removal is sought, and it is sufficient that it appears in general terms that the official conduct of the officer whose recall is sought has been in opposition to the will and preferences of his constituents and obstructive to the best interests of the city.

ID.—CERTIFICATE OF CITY CLERK—NUMBER OF QUALIFIED SIGNERS.—The certificate of the city clerk required by the charter that he has compared the names on the petition of electors of the district for recall of the officer named with the great register of the county, and has found the petition to be sufficient, shows a proper exercise of the authority devolved on the city clerk to hear and determine the sufficiency of the petition, from whose determination no appeal is provided.

ID.—MANDAMUS TO CITY COUNCIL—RIGHT OF ELECTOR.—The city council have no discretion or right to refuse to act upon the petition in reference to the calling of an election, and *mandamus* will lie on the face of a sufficient petition, upon which the council have

refused to act, at suit of any one or more of the electors whose names appear therein, to compel it to act.

APPEAL from a judgment of the Superior Court of San Diego County.   D. K. Trask, Judge presiding.

The facts are stated in the opinion of the court.

Eugene Daney, and E. Swift Torrance, for Appellants.

Luce, Sloan & Luce, for Respondent.

Anderson & Anderson, *Amici Curiae,* also for Respondent.

TAGGART, J.—This is an appeal from an order and judgment of the superior court directing a writ of mandate to issue commanding the defendants to order an election for the recall and removal of Jay N. Reynolds, one of the defendants, from the office of councilman of the city of San Diego, to fix a date for such election and to make, or cause to be made, all necessary arrangements for the holding of such election.

Plaintiff was one of one hundred and five signers of a petition presented to the common council of the city of San Diego demanding that an election be called for the removal of said defendant Jay N. Reynolds from the office of member of the common council of the city of San Diego, for the seventh ward, and the election of his successor, under and by virtue of the provisions of section 4 of chapter IV, adopted as an amendment to article I of the charter of that city by vote of the electors thereof on January 7, 1905, which amendment was approved by resolution of the legislature of the state on February 3, 1905.   (Statutes and Amendments to the Codes, California, pp. 901-922.)

The petition was signed and verified by one of the signers, as required by the charter, regularly filed with the city clerk, who within ten days thereafter submitted to the common council at its regular meeting said petition, accompanied by the certificate of said clerk in the words and figures following, to wit:

"San Diego, Cal., March 30, 1906.

"To the Honorable Common Council of the City of San Diego, California:

"This is to certify that the foregoing petition of the electors of the Seventh Ward of the City of San Diego, California,

for the recall of Councilman Jay N. Reynolds, has been examined by me, and the names on the said petition compared with the Great Register of the County of San Diego, State of California, for the year 1905, and I find said petition to be sufficient.

   "(Seal)                       **J. F. BUTLER,**

                                       "City Clerk."

The common council refused to act upon the petition, but "voted to disregard said petition and to table and file the same without action."

Plaintiff brings this action as a resident and elector of the seventh ward, a qualified signer of said petition, and a property owner and taxpayer in said city, and sets forth the petition for recall in full in his "Affidavit and Petition" in the proceeding before the superior court.

Defendant moved to quash the alternative writ issued *ex parte,* and demurred to plaintiff's affidavit and petition upon which the writ issued. The motion was denied and the demurrer overruled, and defendants, declining to answer, judgment was entered in favor of plaintiff, making the alternative writ peremptory.

These rulings of the court were excepted to and are assigned as error because: 1. The affidavit and petition does not show the petitioner to be a party beneficially interested in the issuance of the writ; 2. The petition for recall does not state grounds sufficient in law; 3. The clerk's certificate attached to the recall petition does not comply with the charter provision by "showing the result of said examination" of the great register; 4. The determination of the sufficiency of the recall petition rests in the discretion of the common council and cannot be controlled by the mandate of the courts; and 5. The time within which the election should have been held under the provisions of the charter having already expired, no election can be called by the said common council, and the court had no jurisdiction to order an election at a later date.

The fixing of the tenure of office of the officers of a municipality subject to removal by the body that elected them is comparatively new in our system of government, and the interpretative branch of the law is in rather an undeveloped state on the subject. A responsible government, however, is the very foundation of the republican system, and there appears no reason why a representative should not be made to retire

at any time at the request of the people, as well as at the end of a fixed period. This is not deemed incompatible with a republican form of government in France, and several of the South American states. It is similar in principle and application to the custom or rule which makes the ministry or real government of Great Britain answerable at all times for its failure to meet the approval of the electorate of that country on some measure or question of policy. .

It was evidently the purpose of the framers of the section of the San Diego charter under which the petition in this case was filed to ingraft this principle upon the charter of that city. In the operation of this charter the question is not whether there was cause for the removal of the councilman from office as the word "cause" has heretofore been used in this connection. The fitness of the incumbent, or the propriety or impropriety of his conduct is not alone involved. Malfeasance, misfeasance, or nonfeasance in office may call for the exercise of the right conferred by this section, but it includes more than these. The charter provides for an answerable or responsible tenure in all elective offices, and "the holder of any elective office may be removed at any time by the electors qualified to vote for a successor of such incumbent." By virtue of this provision every elective officer elected after the adoption of the amendment holds office subject to the condition subsequent that twenty-five per cent of the electorate of the district from which he was elected may by petition express their disapproval of his action upon some measure or as to some policy, and demand that he be sustained by a vote of confidence or retire.

A clear conception of the purpose of this proceeding as distinguished from an ordinary "removal for cause" is necessary in the consideration of the questions here presented. The power to remove a corporate officer from office, for reasonable and just cause, is one of the common-law incidents of all corporations, and this extends to elective, as well as appointive, officers (*Richards* v. *Clarkburg*, 30 W. Va. 491, [4 S. E. 774] ; Dillon on Municipal Corporations, secs. 242, 243) ; and it is competent for the charter of a city to so provide. (*Croly* v. *Sacramento*, 119 Cal. 234, [51 Pac. 323].) In such cases the "just cause" is to be construed as something more than the mere wish of that part of the sovereign people which elected the officer whom it is attempting to remove.

A case of "removal for just cause" in this sense implies some misconduct upon the part of the officer, or imputes to him some violation of the law. Under such circumstances it is necessary that the charges against him shall be based upon some refusal to obey or intention to violate the law prescribing his duties. There are often such penalties attached to proceedings for the removal of officers "for cause shown" that they are and should be carefully guarded from abuse (*Croly* v. *Sacramento,* 119 Cal. 234, [51 Pac. 323]); but as to the right to the office as against the people, it is a well-recognized rule that the agency may be terminated at any time by the sovereign power without reason given. (*Matter of Carter,* 141 Cal. 319, [74 Pac. 997].) Offices are created by the people for administration of public affairs and not for the benefit of the office-holder, and revocable at the pleasure of the authority creating them, unless such authority is limited by the power which conferred it. (*Attorney General* v. *Jochim,* 99 Mich. 358, [41 Am. St. Rep. 606, 58 N. W. 614].) There is no doubt that the provision here under consideration, and similar ones in other city charters, are intended to check a growing forgetfulness on the part of office-holders of the principle that the duties of their offices are to be discharged in the interest of the public and not their own. In the consideration of a freeholders' charter the intention of the people in its adoption is to be considered as a rule of construction. Provisions for the summary removal of appointive officers for cause shown are made by the charter. The general law and the common-law power of amotion, as well as the provisions of the charter, provide for removals of this kind. The purpose of section 4, however, is the reservation, by the people, of the right to remove any elective officer of the city whenever a majority of the electors shall so determine.

The reason why the removal is asked in this case, and the grounds upon which the petition for recall rests, are, that the councilman whom it is sought to remove voted for and supported a certain ordinance regulating the licensing and sale of liquors in the city of San Diego; that he voted to disregard a former petition for his recall; that he repeatedly voted to disregard petitions to refer to the vote of the people ordinances passed by the council of said city filed in conformity to the provisions of the charter; and that he voted for a false certification of an ordinance to prevent a referendum.

The only reference in the recall petition to the wishes or desires of the councilman's constituents in regard to the matters mentioned, and the only allegation in relation thereto in the "Affidavit and Petition" for the writ of mandate, is found in the following language in the recall petition: "That the official conduct and action of said Jay N. Reynolds ever since he entered upon the duties of said office has been in opposition to the will and preferences of his constituents, and obstructive to the best interests of the City of San Diego."

If there be enough of substance in the grounds as stated the proceeding should not be held to have failed because of lack of detailed and specific statement. The charter provides for a general statement only of the grounds on which the removal is sought, and we think the petition sufficient to cover this provision and to indicate to the officer whose removal is sought why his successor is asked to be elected.

The certificate of the city clerk is that he had compared the names on the petition with the great register and found the petition to be sufficient. This was the "result of his examination." Findings that there were three hundred and ninety-three votes cast at the last election, and that the one hundred and five names on the petition were on the great register could have added nothing to this. That it was sufficient implied "that it fulfilled the requirements of the law." There was nothing to be done by the common council in this connection if the petition had not been sufficient, as the law provided that, if the petition be found insufficient *by the clerk*, he should return it to the petitioners.

In *Davenport* v. *Los Angeles*, 146 Cal. 508, [80 Pac. 684], in a similar proceeding, the certificate of the clerk was held to be insufficient because it was ambiguous, and on its face showed that the city clerk had not complied with the charter provision contained in the charter of the city of Los Angeles. This provision is the same as that in the San Diego charter. (Amendments, Los Angeles Charter, sec. 198-c; Statutes and Amendments to Codes, California, 1903, p. 574.)

By these charter provisions the right to petition for the removal of a public officer is vested in "the electors entitled to vote for a successor to the incumbent sought to be removed." This being the foundation of the right, those who are entitled to demand that the common council call the election can certainly maintain the action to protect the right granted. There

is but one question, then, as to how the action must be brought. Must all the petitioners join, must one sue on behalf of himself and others, or may one sue alone? We think the authorities sustain the right of one or more of the petitioners to maintain the proceeding for a writ of mandate. (*Windsor* v. *Polk Co.,* 115 Iowa, 738, [87 N. W. 705]; *Kimberly* v. *Morris,* 87 Tex. 637, [31 S. W. 808]; *Frederick* v. *San Luis Obispo,* 118 Cal. 391, [60 Pac. 661].)

There is no discretion vested in the common council in connection with the calling of this election. That body's functions are purely ministerial, but if it be conceded that it was vested with some discretion, it does not follow that it can refuse to act. The duty of determining whether or not the petition contains the proper number of signatures and the comparing of them with the great register devolved upon the city clerk. He is the person given authority to hear and determine the question of sufficiency of the petition, and no appeal therefrom is provided and none apparently intended to be given. This is evident from the provision of the act requiring the return of the petition by the city clerk to the petitioners if found insufficient, and which, in effect, negatives petitioner's right of appeal. "Whenever any board, tribunal, or person is by law vested with authority to decide a question, such decision, when made, is *res judicata,* and as conclusive of the issues involved in the decision as though the adjudication had been made by a court of general jurisdiction." (Freeman on Judgments, sec. 531; cited and affirmed in *People* v. *Los Angeles,* 133 Cal. 342, [65 Pac. 749], and *People* v. *Ontario,* 148 Cal. 637, [84 Pac. 205].) But conceding that the council had supervisory power and refused to order an election in the face of a sufficient petition, *mandamus* will lie to compel it to act. (*Sansom* v. *Mercer,* 68 Tex. 488, [2 Am. St. Rep. 505, 5 S. W. 62]; *Keller* v. *Hewitt,* 109 Cal. 146, [41 Pac. 871]; *Wood* v. *Strother,* 76 Cal. 545, [9 Am. St. Rep. 249, 18 Pac. 766].)

It would be a strange perversion of the law if the common council, in order to defeat one of the provisions of the charter could merely, by dilatory action, not only refuse to comply with the directions of the charter, but prevent the courts from furnishing a remedy for the wrong done by its act. This would furnish the exception to section 3523 of the Civil Code that, "For every wrong there is a remedy." Such a result

is to be avoided, if possible. Conceding that provisions of the election law are mandatory, they are yet to be liberally construed to accomplish the purpose intended by the law. (*Jennings* v. *Brown*, 114 Cal. 307, [46 Pac. 77] ; *Packwood* v. *Brownell*, 121 Cal. 480, [53 Pac. 1079].) We find nothing in any of the cases cited that calls for a construction of the law that would defeat its purpose entirely, when there is one which would enable it to be enforced or carried out in the manner provided by its terms.

The policy of the law and its effect are both much discussed in the briefs of counsel for both parties, as well as those of the *amici curiae,* and the latter and the respondent have strenuously defended the constitutionality of the charter provision, although appellant disclaims any intention of raising this question. The policy of the law has been considered by us only in so far as it was necessary to determine the purpose and intention of the people of the city of San Diego in adopting the section involved. Whether, as applied, "their new scheme of reform will result in disastrous consequences," or not, is a matter that should have been considered by the people in adopting the amendment to the charter, but it cannot affect the action of this court on the question before it.

The constitutionality of the charter provision, not being presented by the appellant, has not been considered. The recent decision of the supreme court in *Re Pfahler,* 150 Cal. 71, [88 Pac. 270], discusses many of the propositions of law presented by respondent in his brief in relation to the constitutionality of the section of the charter here being considered, as applied to other provisions of the charter of Los Angeles city, and is conclusive as to some of them; but this matter is not before us.

Judgment of the superior court affirmed.

Allen, P. J., and Shaw, J., concurred.