[Civ. No. 1830.   Second Appellate District.—December 29, 1915.]

## J. H. THORNBER, Respondent, v. J. O. HART, Appellant.

ELECTION CONTEST—DELAY IN OPENING POLLS—ABSENCE OF FRAUD—
PRECINCT VOTE NOT INVALIDATED.—In an election contest it is error
to reject the entire vote of a precinct because of a delay of one
hour and fifteen minutes in the opening of the polls, where such
delay was not due to any fraudulent intent or design on the part of
the election officers, but solely to the loss of the key to the polling
place and the consequent inability to gain earlier access thereto.

ID.—OPENING OF POLLS—DELAY CONSISTENT WITH HONESTY—BURDEN
OF PROOF.—It must be from the nature and necessity of the case
that the legislature intended that some margin, even though narrow,
should be allowed for honest effort to comply with the statute, and
did not intend that the vote of any precinct should be invalidated
because the polls were not open at the very instant of sunrise; and
any person seeking to take advantage of omission in such regard
must allege some delay sufficient to show a transgression of the
statute inconsistent with an honest and intelligent endeavor to obey
its command, or that the violation of its letter on which he relies
has operated to obstruct the full and fair expression of the suffrage
of the precinct.

APPEAL from a judgment of the Superior Court of Kern
County.   Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

Borton & Theile, for Appellant.

E. L. Foster, and Charles A. Barnhart, for Respondent.

JAMES, J.—Appellant, at an election held in the county
of Kern in 1914, was declared to have been elected to the
office of supervisor.   Thereafter respondent, who was the
opposing candidate at that election, filed notice of contest and
a recount of the votes of the supervisorial district was had
in the superior court.   Respondent was successful in that
proceeding.   The contestee has appealed from the judgment.

The main contention is that the evidence was insufficient to
support the findings and judgment.   By the notice of contest
first filed the contestant set out various irregularities or acts
of malconduct on the part of the board of election, as are

permitted under section 1111 of the Code of Civil Procedure, as grounds of contest, but did not specify in the original notice of contest particularly the ground afterward relied upon, that there had been a delay in the opening of the polls in precinct No. 20 of the supervisorial district. At a later date, and after the time had expired within which the proceeding of contest might be instituted, the contestant was allowed to amend his statement of contest by adding thereto an allegation as follows: "That in said precinct number 20, the said polling place as established by the Board of Supervisors, as aforesaid, was not opened at the time required by law, and a large number of voters were unable to vote, who had presented themselves at said polling place for the purpose of voting, prior to the opening of said polling place." The appellant objected to the making of this amendment, both on the ground that it was offered too late and also on the ground that it in its substance did not sufficiently set out a ground of contest. Both objections were by the court overruled. The trial judge concluded, as shown by the record, that inasmuch as malconduct of the officers of election in some particulars had been set out and alleged in the original statement of contest, adding to such allegation of malconduct statements of other acts committed by such officers would not in effect be the making of a statement of a new cause or ground of contest. While section 1117 of the Code of Civil Procedure, provides that no statement of the grounds of contest will be rejected for want of form, if the grounds are alleged with such certainty as will advise the defendant of the particular proceeding or cause for which such election is contested, it does seem clear that the contestee in such cases is entitled to have stated the particulars in which it is charged that malconduct was committed on the part of the officers conducting the election. In the statement of contest first filed it was not shown in any way that contestant would rely upon proof that there had been a delay in the opening of the polls in any precinct; while he assigned malconduct, he particularized in allegations pointing to certain specific acts and things. It is to indulge great liberality indeed toward the contestant to concede his right to file the amendment that was made. It is also exceedingly questionable whether the statement in the amendment was sufficient to show such a delay in the opening of the polls as would make a good

ground of contest, for the quantity of time embraced within
that delay is not stated; it is only stated that the polls were
not "opened at the time required by law." In the case of
*Packwood* v. *Brownell*, 121 Cal. 478, [53 Pac. 1079], the
specification of malconduct which our supreme court held to
be insufficient was, "That the said board of judges of election
of Pitt River precinct did not open the polls at sunrise of
said day of election nor keep the polls open for the length
of time required by law." In the case just cited the ruling of
the trial court on a motion to dismiss the contest because of
insufficiency of the specification was reviewed and the judg-
ment reversed. However, it will not be necessary for us to
announce a final conclusion on these two propositions, as we
think that the main contention of appellant made as to a
proposition which involves the crucial finding of the trial
judge must be sustained. The court at the hearing of the
contest canvassed the vote cast in all the precincts of the
supervisorial district and rejected the entire vote of precinct
No. 20, because there had been a delay of one hour and fifteen
minutes in the opening of the polls. The result of the tally
on the precincts, excluding precinct 20, gave to contestant a
majority of 55 votes. Precinct No. 20 was a large precinct.
There were residing in it at the time of the election 733 regis-
tered voters, and the election returns showed that 549 of
these had voted at the election and that 239 had voted in
favor of appellant and 163 in favor of contestant. So that,
had the vote of precinct No. 20 not been rejected, the con-
testee would have had a majority of 11 votes over respondent.
The court finds that the polls in precinct 20 were not opened
until 7:15 A. M., and that there was not sufficient cause or
excuse for the failure to open the polls; that between the hour
of 6 A. M. and 7:15 A. M. at least fifty voters came to the poll-
ing place of precinct 20 and demanded the right to cast their
ballots and offered to vote, and that "because of the polls
not being open for the reception of ballots, a large number,
to wit: more than 21, left the polls and were unable to vote,
and it is not shown whether such voters did vote on said
third day of November, 1914, or not." The court further
expressly found that none of the acts or omissions of the elec-
tion officers of precinct 20 were done or permitted with any
fraudulent design on the part of said election officers, nor for
the purpose of affecting the result of the election. The evi-

dence taken showed that the board of election officers arrived at the precinct in time to open the polls as required by law, but that the key to the building was missing. A search was instituted for the key and some outsider finally found it and the polls were thereupon immediately opened and votes received. So it appears that the delay in the opening of the polls which the court found to be without any fraudulent intent or intent to affect the result of the election, but still found to be inexcusable, was occasioned through the failure of the officers to make an entrance into the building or polling place. That the confusion in this regard was inexcusable we think can hardly be concluded from the evidence. As is said in *Packwood* v. *Brownell,* hereinbefore cited: ''It must be from the nature and necessity of the case that the legislature intended that some margin, even though narrow, should be allowed for honest effort to comply with the statute, and did not intend that the vote of any precinct should be invalidated because the polls were not open at the very instant of sunrise. Therefore, further, if any person seeks to take advantage of omission in this regard, he must allege some delay sufficient to show a transgression of the statute inconsistent with an honest and intelligent endeavor to obey its command, or that the violation of its letter on which he relies has operated to obstruct the full and fair expression of the suffrage of the precinct.'' It will be remembered that for aught that the findings of the court show the 21 or more persons who left the polls of precinct 20 before 7:15 o'clock may have returned and voted during the many remaining hours of the election day. Therefore, if the burden was upon the contestant to show that he had been injured by reason of the alleged failure of the officers to have the polls open at 6 A. M., it is plain, according to the findings of the court, that he did not sustain this burden by proof. It is argued, however, that upon a showing being made of the delay in opening the polls, a presumption of damage arose which shifted the burden of proof to the contestee and required of him a showing that the irregularity did not result in damage to the contestant. This question and others incidental to the proposition were considered in the case of *Kenworthy* v. *Mast,* 141 Cal. 268, [74 Pac. 841]. In that case it was shown that there was a delay of from 6 to 7:45 o'clock in the opening of the polls of a certain precinct, a delay of thirty min-

utes more than the evidence and findings disclose here occurred in the case of precinct 20. The court there said that it had never been held in this state that a literal compliance with the provisions of the law as to the hour of opening the polls was absolutely essential to the validity of the vote of a precinct, and that the disobedience of even a mandatory statute must be liberally construed. The conclusion to be deducted from that opinion is that the supreme court did not consider a delay in opening the polls of one hour and forty-five minutes at the commencement of the day a great deviation from the requirement of the statute. The court there referred to the Packwood-Brownell case, *supra,* and called attention to the concurring opinion of the chief justice as filed in that case, wherein it was said that while the requirements as to time or place of holding an election are mandatory, the time in that connection meant the proper day for holding the election, and "that a slight delay in opening the polls, explained and excused by the absence of one of the officers, and by the necessity of setting up the booth, railings, etc., ought not to disfranchise the voters of a precinct, in the absence of any showing of actual injury." In the case last above cited there was even a greater delay in the opening of the polls than was shown in *Kenworthy* v. *Mast,* 141 Cal. 268, [74 Pac. 841], the delay being from 6:29 A. M. until 8:15 or 8:30, and we glean from the opinion that such a delay was not to be denominated great or considerable. In *Kenworthy* v. *Mast,* it is said: "The general rule, as stated in McCrary on Elections (section 165), is, that in the absence of a provision in the statute expressly declaring that a failure in this respect shall render the election void, it will be regarded as so far directory only, and that, unless the deviation from the legal hours has affected the result, it will be disregarded; but that if such deviation is great, or even considerable, the presumption will be that it has affected the result, and the burden will be upon him who seeks to uphold the election to show affirmatively that it has not." Considering the facts in evidence in this case and applying to them the law as we understand the supreme court to have declared it, we are not of the view that the delay shown in the opening of the polls in precinct 20 was either "great" or "considerable." Conceding correctness for that conclusion, it follows that the contestant failed to support his charges of malconduct with

proof of damage resulting therefrom to him.  It would be most unjust, we think, to declare that all of the voters who cast their ballots at precinct 20 on election day should be disfranchised in their attempt to express a choice for supervisor simply because the election officers deviated from the strict requirement of the statute as to the opening of the polls.  We, therefore, conclude that it was error for the court to have rejected the vote cast in that precinct.  Had the findings of fact contained a particular statement showing the reason for the nonopening of the polls, a judgment might be directed without the necessity of further proceedings being had in the trial court.  However, as the finding that the officers failed without sufficient cause or excuse to open the polls may import a finding of fraud, the review of the evidence which we have made becomes necessary in order to arrive at the decision indicated.

The judgment is reversed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on January 28, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1916.