[Civ. No. 1400. Third Appellate District.—October 21, 1915.]

JOHN H. LAAM, as Supervisor, etc., et al., Respondents, v. W. W. McLAREN et al., as Supervisors of Del Norte County, Appellants.

APPEAL—TEMPORARY RESTRAINING ORDER—APPEALABLE ORDER.—A temporary restraining order is an appealable order within the meaning of subdivision 2 of section 963 of the Code of Civil Procedure allowing an appeal from an order "granting or refusing to grant an injunction."

ID.—ELECTION LAW—RECALL OF SUPERVISOR—STATEMENT OF GROUNDS OF RECALL.—A petition for the recall of a supervisor, made under the provisions of section 4021a of the Political Code, as amended in 1912 (Stats. Ex. Sess. 1911, p. 128), which states as grounds therefor, that such official had willfully and fraudulently voted for the allowance of a claim which the district attorney had advised the board was illegal, that he had "commercialized" the office, and in the employment of labor on the highways had given preference to electors who favored his own political convictions, and that he had little or no knowledge of the practical engineering or constructing of public highways and by reason thereof was extravagant and wasteful of the highway funds, sufficiently complies with the requirements of such code provision, as the statement of the grounds for the recall is intended solely for the information of the electors, who are the judges of its sufficiency.

ID.—RECALL PETITION—ATTEMPTED WITHDRAWAL OF SIGNERS AFTER CERTIFICATION—ENJOINING OF ELECTION—POWER OF SUPERIOR COURT.—Upon the certification by the county clerk of the sufficiency of a petition for the recall of an elective officer, the duty then devolves upon the board of supervisors to order the election, and the superior court has no jurisdiction to enjoin the board from so acting, on the ground that after such certification and before the calling of the election, certain signers to the petition had attempted to withdraw their names therefrom so as to reduce the number below that required to give the board authority to call the election.

ID.—STATUTORY CONSTRUCTION—RECALL STATUTES—LIBERAL CONSTRUCTION.—Statutes enacted in aid of the power given the people by the constitution under the initiative, referendum, and recall statutes should be liberally construed and should not be interfered with by the courts except upon a clear showing that the law is being violated.

APPEAL from an order of the Superior Court of Del Norte County granting a temporary injunction. John L. Childs, Judge.

The facts are stated in the opinion of the court.

Robt. W. Miller, for Appellants.

Geo. W. Howe, for Respondents.

CHIPMAN, P. J.—This is an action to enjoin the defendants from submitting the proposition to a vote of the electors for the recall of plaintiff as supervisor and elect a successor. Upon filing the complaint and giving the bond required by the court, the court issued an order reciting, in part, as follows:

"The plaintiff in the above-entitled cause having commenced an action in the superior court of Del Norte Co., Cal., against the defendants herein and having prayed for an injunction against the said defendants, requiring them to refrain from certain acts in said complaint and hereinafter more particularly mentioned:

"Now, on reading the complaint in said action, duly verified by the oath of plaintiff, and it appearing to me therefrom that facts are shown by and stated in said verified complaint of plaintiff that great and irreparable injury would result to plaintiff before the matter can be heard on notice, and it satisfactorily appearing to me therefrom that there are sufficient grounds for granting a temporary restraining order and an order to show cause why an injunction should not be granted, and it appearing to me that there is no reason why a temporary restraining order herein should not be granted at this time, and an undertaking having been given by plaintiff herein, as required by me, and approved, in the sum of $100.00;

"It is therefore ordered that the defendants herein (naming them) appear before me (time and place fixed) to show cause, if any they have, why they should not be perpetually enjoined and restrained from ordering or causing a special election to be held in Supervisor District No. 5 of Del Norte County for the purpose of recalling plaintiff herein or electing a successor to plaintiff."

Defendant Peacock appeals from the order.

1. Plaintiff has made a motion to dismiss the appeal on the ground that the order is not appealable.

In *Neumann* v. *Moretti,* 146 Cal. 32, [79 Pac. 512], the appeal was from an order refusing to dissolve a temporary injunction and the court said: "The restraining order was an injunction. It required the defendant to refrain from a particular act. (Code Civ. Proc., sec. 525.) An appeal lies from an order refusing to dissolve an injunction. (Code Civ. Proc., sec. 963, subd. 2.)" In *Golden Gate Con. H. M. Co.* v. *Superior Court,* 65 Cal. 187, [3 Pac. 628], an injunction was issued, *ex parte,* "commanding the defendant, its officers, agents, servants, etc., until further order of the court, to desist," etc. This was in effect a restraining order or temporary injunction. The defendant in that action was by the court adjudged guilty of contempt for violating the injunction order. *Certiorari* was instituted to test the validity of the judgment of contempt. Said the court: "It is obvious that petitioner cannot have the order for the injunction annulled, because he had an *appeal* from the order granting the injunction. (Code Civ. Proc., secs. 963, 1068.)" An appeal was taken in *Hobbs* v. *Amador & Sacramento Canal Co.,* 66 Cal. 161, [4 Pac. 1147], from an order granting a temporary injunction. Distinguished counsel appeared in the case and, while it does not appear that the right of appeal was called in question, it is altogether probable it would have been had the court or counsel entertained any doubt upon the point. *Wolf* v. *Board of Supervisors,* 143 Cal. 333, [76 Pac. 1108], was an appeal from an order modifying a preliminary injunction and the point was made that it was not an appealable order. The court held that it in effect was an order dissolving the injunction to some extent and the injured party had the right of appeal.

In *Stoddard* v. *Superior Court,* 108 Cal. 303, [41 Pac. 278], it appeared that a temporary restraining order had been issued in an action against Stoddard, restraining him from selling certain land for delinquent assessment. Upon the hearing a final judgment was rendered in favor of Stoddard, defendant in that action and petitioner here. Defendant appealed, and subsequently, pending the appeal, the court made an order restraining Stoddard from selling the property. Stoddard sought to annul this last order by *certiorari.* Said the court: "It may be readily admitted that the court has no jurisdiction to make the order; but as the order is appealable, *certiorari* will not lie, because it lies

only where there is no appeal. (Code Civ. Proc., sec. 1068.)''

A restraining order in its effect is an injunction and is an injunction though temporary. The statute gives the appeal from an order ''granting or refusing to grant an injunction.'' (Code Civ. Proc., sec. 963.) It makes no distinction between temporary and permanent injunctions. We think a restraining order or temporary injunction is within the meaning of this section and is appealable.

2. Section 4021a of the Political Code, as amended in 1912 (Stats. Ex. Sess. 1911, p. 128), provides the procedure under which the holder of any elective office of any county or of any township or supervisor district thereof may be removed or recalled. A petition demanding the election of a successor to the person sought to be removed shall be filed with the county clerk, which petition shall be signed by registered voters equal in number to at least twenty per cent of the entire vote cast within such county for all candidates for the office which the incumbent, sought to be removed, occupies, at the last preceding general election at which such officer was voted for (or a like percentage of such votes within those precincts of the county embraced within the district, township or subdivision of the county entitled to vote for a successor to the office named in case of an official not elected by the county at large), and shall contain a statement of the grounds on which the removal or recall is sought which statement is intended solely for the information of the electors. The signatures to the petition need not all be appended to one paper. . . . Each such separate paper shall have attached thereto an affidavit made by a qualified elector of the county (or particular subdivision, as the case may be) and sworn to before an officer competent to administer oaths, stating that affiant circulated that particular paper and saw written the signatures appended thereto, and that, according to the best information and belief of the affiant, each is the genuine signature of the person whose name purports to be thereunto subscribed and of a qualified elector of the county (or particular subdivision thereof). Within ten days from the filing of such petition, the clerk shall examine and from the records of registration ascertain whether or not said petition is signed by the requisite number of qualified electors, and he shall attach to said petition his certificate showing the result

of said examination. . . . If the petition shall be found to be sufficient, the clerk shall submit the same to the board of supervisors without delay, whereupon the board shall forthwith cause a special election to be held within not less than thirty-five nor more than forty days after the date of the order calling such election, to determine whether the voters will recall such officer.''

One of the signers of the recall petition, an elector of said district, made oath: '' that he saw written the several signatures appended thereto and that according to the best information and belief of affiant each is the genuine signature of the person whose name purports to be thereunto subscribed and of a qualified elector of Supervisor District No. 5.'' In this condition, the county clerk, on February 23, 1915, attached his certificate thereto that he found said petition ''to be signed by registered voters equal in number to more than twenty per cent of the entire vote cast within said supervisorial district for all candidates for said office which the incumbent sought to be removed occupied, at the last preceding election.''

The complaint was filed on March 8th and the court on that day made its order *ex parte.* On March 15th the defendants filed a general demurrer and also on the ground that plaintiff has not legal capacity to sue the board of supervisors of which he is a member; and that the court has no jurisdiction of the matter of the action. On March 29th the court overruled the demurrer and, on April 7th, defendant Peacock served and filed his notice of appeal.

The complaint sets forth that plaintiff is a duly qualified elector and voter of supervisor district No. 5, Del Norte County, and is now and at all times in the complaint referred to, the duly elected, qualified, and acting supervisor of said district and is the holder of an elective office; that defendants are the duly elected, qualified and acting supervisors of districts Nos. 1, 2, 3, and 4, respectively; that the petition for the recall of plaintiff, hereinabove referred to, was, on February 23, 1915, filed with the clerk and is made part of the complaint; that said petition does not conform to nor comply with the requirements of section 4021a of the Political Code in this: [a] ''the statement of the grounds in said petition . . . is wholly and entirely false . . . and is not in conformity with the law governing the statement of such grounds;

[b] said petition is not in the form as required by law; [c] said petition is not signed by registered voters of (said district) equal in number to at least twenty per cent of the entire vote cast within said supervisor district No. 5 for all candidates for the office which the incumbent sought to be removed occupies at the last preceding general election at which said officer was voted for." The complaint then states that "of those signing said petition (53 in number), to wit (giving the names of thirteen), have had their names stricken from said petition previous hereto and since said petition was filed with said county clerk; that another of the signers to said petition (naming her) is not a legally qualified registered voter of said supervisor district for the reason that she cannot read the constitution as required by the law of this state, she not coming within any of the exceptions of that rule; that the number of qualified signers necessary to sign said petition is forty-four or more; that the number of qualified signers to said petition as the same now stands is thirty-nine." It is then alleged that the affidavit attached to said petition is insufficient and that said petition is not signed by the requisite number. It is then alleged that defendants as such board "are about to and will unless restrained by this court, forthwith cause a special election to be held . . . to determine whether the voters will recall such officer, the plaintiff herein." Other averments follow as to the "great and irreparable injury" which would result to plaintiff if called upon to incur the expense of such election and the consequent interference with plaintiff's business.

We think the petition, so far as concerns its form, is sufficient and that the certificates thereto comply substantially with the statute.

The grounds set forth in the petition were: That plaintiff had willfully and fraudulently voted for the allowance of a claim for $408.33 which the district attorney had advised the board of supervisors was an illegal and invalid claim; that plaintiff "commercializes the said office of supervisor, and in the employment of labor on the highways of said supervisor district, gives preference to electors who favor his own political convictions"; that plaintiff "has little or no knowledge of the practical engineering or constructing of public highways, and by reason of his want of knowledge, is extravagant

and wasteful of the highway funds apportioned to said supervisor district No. 5.''

The statute says that the statement of the grounds ''is intended solely for the information of the electors,'' and whether the plaintiff or the court to which he appeals regards them as sufficient ground for plaintiff's removal is immaterial, as is also whether the grounds are true or false. The voters to whom the question of recall or removal is submitted are the judges of the sufficiency of the grounds. (*Good* v. *Common Council*, 5 Cal. App. 265, [90 Pac. 44]; *Conn* v. *City Council*, 17 Cal. App. 705, [121 Pac. 714, 719].)

Appellants contend that ''the petition when certified by the county clerk, conferred upon the board of supervisors exclusive power to carry into effect the self-executing provisions of the constitution'' and that ''the superior court has no jurisdiction of the subject-matter, after the same had been certified by the county clerk, not even to review as to the sufficiency of the petition.''

The record presents two questions: 1. Had signers to the petition a right to withdraw their names from it after the clerk had made his certificate and reported to the board and before the board had acted upon it; and, 2. Had the court the power to arrest the proceedings on the assumption that enough of the signers to the petition had withdrawn their names to reduce the number below that required to give the board authority to act favorably upon it?

The theory on which the modern system of government, under the initiative, referendum, and recall statutes is founded, is that the people reserve to themselves the right to propose legislation, to pass upon legislative measures enacted by their representatives, and to remove elective officers whenever the people, in their judgment, deem such action necessary. This power is given them by the constitution and statutes enacted in aid of this power should be liberally construed and should not be interfered with by the courts except upon a clear showing that the law is being violated.

The questions above stated have arisen in cases heretofore determined under the initiative, referendum, and recall statutes and municipal charters, all of which contain similar provisions as to the mode of procedure. In the cases cited—which were recall cases—it was held that the provisions of the charter devolved upon the clerk the duty of determining

the sufficiency of the petition and, in *Conn* v. *City Council,* it was held that his determination was conclusive, so far as the number and genuineness of the signatures of electors entitled to vote are concerned.  The supreme court denied a rehearing but stated: "It does not appear that there was any evidence offered to impeach the accuracy of the clerk's certificate upon those points and the statement was not necessary to the decision.  Such signatures might be forged, or the signers might not reside in the city, and yet the petition might be supported by false affidavits of the solicitors and a false certificate of the clerk.  In such a case we would not say that the clerk's certificate was conclusive, or that *mandamus* would not lie to compel an election to be called, but leave the question open for decision when it arises."  An implication would seem to be deducible from the foregoing statement that, in the absence of alleged fraud or mistake or other sufficient ground for challenging the correctness of the clerk's certificate, it must be held conclusive.  In the present case no question is raised as to the fact that when the petition was presented to the board of supervisors it showed full compliance with the statute.  That is, the clerk, as required by the statute, had determined, upon unquestioned facts, the sufficiency of the petition.  The duty then devolved upon the board to proceed to carry out the objects of the petition by ordering a special election.  This the board was, as the complaint alleges, about to do when by the order of the court it was directed to desist from proceeding to act under the petition. It appeared that before the board had in fact taken formal action on the petition, but after it had been certified to the board by the clerk as sufficient, certain of the signers withdrew their names from the petition and it was by this attempted withdrawal that the petition was reduced in the number of signers below the number required by the statute. In *Locher* v. *Walsh,* 17 Cal. App. 727, [121 Pac. 712], we said: "Whether a signer may, after the petition has been filed with the clerk and during the period of the examination of the names to determine the sufficiency of the petition, withdraw his name, is a question not necessarily before us and is not decided.  It appears that the clerk had completed his investigation, had determined the facts, and had so certified before any name had been withdrawn.  He had reached a conclusion and had made a finding, in writing, in the form

of a certificate, which was, on the same day, attached to the petition and presented to the board. . . . The most that is required is that the petition presented to the board shall have the certificate attached and this was done. The clerk had jurisdiction to act and he had acted. No power was given by the statute to the board to determine the sufficiency of the petition. The only power conferred was in the clerk, and when he had determined the fact within his power to determine, it was then too late for any signer to withdraw his name and thus defeat the jurisdiction of the clerk.''

The case of *Sim* v. *Rosholt,* 16 N. D. 77, [11 L. R. A. (N. S.) 372, 112 N. W. 50], is cited, where the cases are collected, and in the case cited it was said: "that the cases do not support the right of petitioners to withdraw their names after the sufficiency of such petition and the qualifications of the petitioners have been passed upon by the board authorized to act thereunder. On the contrary, they will be found to support respondents' theory that, after the board has passed upon the sufficiency of such petition, it is thereafter too late to withdraw therefrom.'' In that case the board of drain commissioners were clothed with the same authority as by our statute is given to the clerk. Continuing, we said, in *Locher* v. *Walsh:* "Of course, if respondents' contention be sound, that the board had the power to pass upon the sufficiency of the petition, their conclusion would follow. But here, in our judgment, lies the fundamental error in the argument. The board was given no such power and it was expressly given to the clerk. Nor was there given to the board any supervisory power over this question of the petition's sufficiency.''

Our conclusion is that the court was not authorized to grant the order on the assumption that the petition did not contain the requisite number of qualified signers, and as no other ground appears sufficient to support the court's action, the order must be reversed, and it is so ordered.

Burnett, J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 20, 1915, and the following opinion then rendered thereon:

THE COURT.—We are asked to grant a rehearing in this case on the ground that since the order was made from which the appeal was taken the complaint has been amended, by leave of the court, on motion of plaintiff, in respect of certain facts which it is claimed so change the complexion of the complaint as to fully justify the order.

It is urged that the amended complaint be considered, and, if considered, a different decision must necessarily be given by the court.

Suffice it to say that the order from which the appeal was taken must rest for its validity upon the record before the trial court when the order was made and brought up here for review.

The effect of our judgment, when it shall have become final, will be to vacate the order from which the appeal was taken, and the cause will then be before the trial court upon the amended complaint and for such further proceedings as the parties may be advised to take.

The petition is denied.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 20, 1915.