[Civ. No. 6732.   Second Appellate District, Division Two.—January 8, 1930.]

BENJAMIN F. BROWN, Respondent, v. THE CITY COUNCIL OF THE CITY OF HAWTHORNE (a Municipal Corporation) et al., Appellants.

Louis Greenbaum for Appellants.

Bonelli, Hughes & Miller, Hal Hughes, Aubry Miller and Hughes & Miller for Respondent.

CRAIG, Acting P. J.—A petition for the recall of appellants, who were three of the councilmen of the defendant City of Hawthorne, a city of the sixth class, was filed with the clerk of said council, who certified the same, and it was submitted to the council on March 11, 1929. No action having been taken thereon, the respondent petitioned the Superior Court of Los Angeles County for a writ of mandate requiring that a special election be called, which was granted, and this is an appeal from the judgment entered accordingly.

It is contended that the genuineness of the signatures upon the petition for a special election was not sufficiently established to require or justify action by the city council, and was not shown in accordance with the provisions of the statutes in the trial court. The findings are not questioned, except in this respect: The person who circulated the petition for a recall election appended his affidavit, reciting that "the signatures upon this sheet were signed in my presence and are genuine and that to the best of my knowledge and belief the persons signing were at the time of so signing qualified electors of said city and that their respective residences are correctly stated as set forth." By the Statutes of 1911 (Ex. Sess.), page 128, as amended, it is provided as follows;

" . . . Each such separate paper shall have attached thereto an affidavit made by a qualified elector of the city or town (or particular subdivision thereof as the case may be) and sworn to before an officer competent to administer oaths, stating that the affiant circulated that particular paper and saw written the signatures appended thereto; and that according to the best information and belief of the affiant, each is the genuine signature of the person whose name purports to be thereunto subscribed, and of a qualified elector of the city or town (or particular subdivision thereof)."

Respondent alleged in his petition for a writ of mandate, and the court found, that the city clerk examined the petition for election, and that from an inspection of the records of registration he ascertained that the same was signed by the requisite number of qualified voters, that it was sufficient, and that he attached his certificate thereto, showing the result of said examination. The clerk testified that the petition which he identified in open court was the document in controversy, that it bore his certificate and signature, and that he presented the same to the city council.

■ Appellants insist that there is no evidence tending to show that the person circulating the petition "saw written the signatures appended thereto," as required by statute or as alleged by petitioner herein. No evidence having been offered by appellants, the uncontroverted presumption that the city clerk regularly performed his duty, and that the law was obeyed in this regard, will prevail. (Code Civ. Proc., sec. 1963.) His certificate is conclusive. (*Watts* v. *Superior Court*, 36 Cal. App. 692 [173 Pac. 183].) ■ Hence, the only remaining question of consequence is as to whether or not an oath that the signatures "were signed in my presence" is tantamount to the statutory requirement that the affiant shall state that he saw them signed. In *Tucker* v. *Oxner*, 12 Rich. (S. C.) 141, it was held upon the contest of a will that, while it did not sufficiently appear that the testatrix signed in the presence of the witness, the latter's attestation was legal if made while the testatrix stood in the doorway of a room wherein he signed his name. In the language of the court: "If she then stood at the door post she might have seen because she was 'within view,' which words have been held synonymous to 'in the

presence.' '' Funk and Wagnalls' Dictionary defines "presence" as in a "situation face to face with some person or persons," "in view." ■ Statutes enacted in aid of rights reserved to the people to determine whether or not their public servants shall be removed from office should be liberally construed, and the courts are not authorized to interfere except upon a clear showing that the law has been violated. (*Laam* v. *McLaren*, 28 Cal. App. 632 [153 Pac. 985]; *Worth* v. *Downey*, 74 Cal. App. 436 [241 Pac. 96].)

■ The only other point attempted to be advanced by appellants is that the affidavit appended to the petition does not constitute legal evidence as prescribed by the Code of Civil Procedure. However, since this affidavit is held to be sufficient in form within the meaning of the statute, and stands uncontradicted by any evidence whatever, it fulfills the purposes of the enactment. As to its admissibility in evidence, no objection was interposed below, and it was expressly stipulated that the question here principally discussed was appellants' only point.

The judgment is affirmed, and it is ordered that a peremptory writ of mandate issue forthwith, as prayed.

Thompson (Ira F.), J., and Burnell, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 6, 1930, and an application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1930.

All the Justices present concurred.