[File No. 6121.]

STATE OF NORTH DAKOTA, EX REL. GEORGE RIEDMAN, Appellant, v. J. M. BAILLIE, as County Auditor in and for Barnes County, North Dakota, Respondent.

(245 N. W. 466.)

Opinion filed November 29, 1932.

*Fred J. Fredrickson* and *D. S. Ritchie,* for appellant.
*Roy A. Ployhar,* State's Attorney, for respondent..
*Sad & Duffy,* amicus curiæ.

BURKE, J.   On the 29th day of September, 1932, a petition for a special election to recall Fred J. Aandahl, member of the state senate of the Thirty-Eighth legislative district of the state of North Dakota, was filed in the office of the county auditor of Barnes county, North Dakota.   A temporary order, restraining the county auditor from calling such election, was issued and an. order to show cause why such restraining order should not be made permanent, was heard on the 21st day of October, 1932.   After hearing, the temporary injunction was dissolved, the writ denied and from such order, the petitioner appeals.

It is agreed that the recall petition was signed by electors sufficient in number, but two hundred and sixty-four of the signers did not participate in the election for the office of governor in said legislative district in November, 1930.

It is the contention of the appellant that the electors, who signed the petition and who did not vote for the office of governor at the general election in said district in November, 1930, were not qualified to sign the petition and with their names deducted from the total number of signers the petition is insufficient.

Respondent admits, that if the two hundred sixty-four electors who did not participate in the preceding election for the office of governor were not qualified to sign the petition, the petition would be insufficient, but claims, that since all the signers on the petition were qualified electors in said district at the time they signed the petition, that the petition is sufficient.   This involves a construction of Article 33 of the Amendments to the Constitution of North Dakota, which reads as follows:   "The qualified electors of the state or of any county, or of any congressional, judicial or legislative district may petition for the recall (of) any elective congressional, state, county, judicial or legislative officer by filing a petition with the officer with whom the petition for

nomination to such office in the primary election is filed, demanding the recall of such officer. Such petition shall be signed by at least thirty per cent of the qualified electors who voted at the preceding election for the office of governor in the state, county or district from which such officer is to be recalled. The officer with whom such petition is filed shall call a special election to be held not less than forty or more than forty-five days from the filing of such petition."

The constitutional provisions relating to the initiative, referendum and recall should be liberally construed and the power thereby reserved to the people should not be interfered with by the courts except upon a clear showing that the law has been violated. Laam v. McLaren, 28 Cal. App. 632, 153 Pac. 985; Hilliker v. Seal Beach, 91 Cal. App. 521, 267 Pac. 367; Brown v. Hawthorne, 103 Cal. App. 113, 284 Pac. 254.

As appellant contends, article 33 does provide that "such petition shall be signed by at least thirty per cent of the qualified electors who voted at the preceding election for the office of governor in the state, county or district from which such officer is to be removed." If this provision of the Article stood alone there would be merit in appellant's contention, but it does not stand alone and it must be considered with the first sentence of the article, namely, *"The qualified electors* of the state or of any county, or of any congressional, judicial or legislative district may petition for the recall (of) any elective congressional, state, county, judicial or legislative officer by filing a petition with the officer with whom the petition for nomination to such office in the primary election is filed, demanding the recall of such officer." This sentence of the Article says specifically that the qualified electors of any such state, county, etc. may petition for the recall of such officer. A qualified elector is defined in article 40 of the Amendments to the Constitution as follows: "Every qualified elector, who shall have resided in the state one year, in the county 90 days and in the precinct 30 days next preceding any election, shall be entitled to vote at such election. Provided that where a qualified elector moves from one precinct to another within the state he shall be entitled to vote in the precinct from which he moves until he establishes his residence in the precinct to which he moves."

Since the Constitution defines a qualified elector, and states specifically that only qualified electors shall sign the petition it would

seem clear that it is the intent of the Constitution to make any qualified elector eligible to sign the petition and that that part of Article 33 which states that such petition shall be signed by at least 30% of the qualified electors, who voted at the preceding election for the office of governor in the state, county or district from which such officer is to be recalled, is not a limitation upon the qualifications but is intended, rather, to prescribe a number of signatures sufficient to show the necessity for a recall.

What is the purpose of the recall provisions in the Constitution? Is it intended as a restriction on the right of the electors or is it intended to give the people an opportunity to remove an official when good reason exists for such removal? Clearly the latter is intended. There are always electors, not old enough to vote at a "preceding election," who become of age shortly thereafter and electors may have moved into the state, county or district after the election and certainly it is not the intent to disqualify those who become of age after the preceding election and those who did not have a chance to vote at the preceding election because of not being within the district. It is the purpose of the Constitution to reserve the right of recalling an officer in the people themselves without judicial action and not to deprive any elector of the privilege of signing a petition.

In the case of Coghlan v. Cuskelly, ante, 275, 244 N. W. 39, at page 41, this court said: "Article 33 provides that an election must be called to be held not later than forty-five days after the filing of the petition. Necessarily, this contemplates a good petition—a petition signed by qualified electors equal in number to at least 30 per cent. of the number voting to fill the office of Governor in the particular district at the last preceding election." This portion of the opinion, in that case, was not necessary for a decision of the case, for the question there involved was whether signers of the petition could withdraw their names after the petition had been filed, but it was considered and is in the decision advisedly.

The question would have been squarely before the court in the case of State ex rel. Laird v. Hall, 49 N. D. 11, 186 N. W. 284, had it not been for the fact that the action was not brought until after election and the court held that after the people had voted it was too late to raise the question as to the sufficiency of the petition, but Judge Robin-

son, in a concurring opinion said: "It is claimed that under this recall amendment no elector may sign a recall petition unless he has voted at the preceding election for the office of governor and that numerous persons who signed the recall petition had not so voted; but that is not a fair construction of the amendment. Its plain meaning is 'The qualified electors may file the petition' and it must be signed by a number of electors equal to thirty per cent of the votes given for the office of governor. The officer who orders a special election must do so on inspection of the petition and neither he nor the canvassing board have any means of determining how a person voted at a prior election. Statutes must be given a construction that is workable and practical. A petition for the recall of the state officers must be filed with the secretary of state. . . ."

When the petition is presented to the officer, whose duty it is to file it he has a discretionary duty to perform. If there is a duplication of names or it is apparent that names are forged, or other defects exist and as a consequence the petition is insufficient, it is the duty of the officer to reject it, but where the petition is sufficient he must accept it and call the election.

Order affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURR, JJ., concur.