[Civ. No. 2670.  Second Appellate District.—April 6, 1918.]

CITY OF WATTS (a Municipal Corporation), et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

PROHIBITION—INJUNCTION TO RESTRAIN LOCAL OPTION ELECTION—SUFFICIENCY OF COMPLAINT—QUESTION FOR TRIAL COURT.—In an action to enjoin a board of city trustees from submitting to the electors the question of licensing the sale of intoxicating liquors therein, it is for the superior court to say whether the complaint states a cause of action, and its decision is not subject to review by the appellate court on a petition for a writ of prohibition.

INTOXICATING LIQUORS — EXAMINATION OF ELECTION PETITION — DECISION OF CITY CLERK FINAL.—Under the provisions of the act providing for the regulation of the traffic in alcoholic liquors by establishing local option (Stats. 1911, p. 599), as to all matters comprehended within the proper scope of the examination of the petition for an election committed to the city clerk, his decision thereon is final.

ID.—SUFFICIENCY OF PETITION FOR ELECTION—FRAUDULENT ACTS—IN-
JUNCTION—JURISDICTION OF SUPERIOR COURT.—The superior court,
however, as a court of equity has jurisdiction to enjoin a local
option election, where certain signatures to the petition for the
election were not made by the persons who purported to have signed
the same, or where unauthorized forged additions have been made
to the names as signed, or where addresses have been set opposite
certain signatures, which addresses were not affixed thereto by the
signers thereof, and such facts affect the number of signatures to
the petition sufficiently to reduce it below the required number, since
such matters are not apparent to the clerk in the course of his in-
spection of the petition, or in the examination of the great register
of voters.

APPLICATION for a Writ of Prohibition originally made
to the District Court of Appeal for the Second Appellate Dis-
trict to restrain the Superior Court from proceeding further
with the trial of an action and from entering any injunction
therein.

The facts are stated in the opinion of the court.

S. W. Odell, and Neighbours, Hoag & Burke, for Peti-
tioners.

Paul W. Schenck, and Richard Kittrelle, for Respondents.

CONREY, P. J.—This is a proceeding whereby the plain-
tiffs ask that the defendant superior court be prohibited from
proceeding further in the trial of an action entitled *Van
Zandt* v. *City of Watts et al.*, and from entering any decree
or order of injunction therein. An alternative writ of pro-
hibition was issued by this court. The defendant has re-
sponded thereto by a motion to quash the alternative writ,
by a demurrer to the petition, and by an answer. The de-
fendants in the injunction case are the city of Watts and
its board of trustees and the members thereof. The city of
Watts is a municipal corporation of the sixth class.

On or about the twentieth day of September, 1917, there
was filed with Virgil R. Franklin, city clerk of the city of
Watts, a petition which by its terms requested that the board
of trustees of that city cause to be submitted in the manner
provided by law to the voters of the city the proposition,
"Shall the sale of intoxicating liquors be licensed in this

city?'' This petition purported to be signed by residents and qualified electors of the city of Watts. On October 9, 1917, the said city clerk filed with the board of trustees the said petition, with his certificate attached thereto, whereby he certified ''that I have examined the foregoing petition and have compared the names thereon with the Great Register on file in the office of the Registrar of Voters of Los Angeles County, and find the said petition sufficient.'' Thereafter, on or about the twelfth day of March, 1918, the board of trustees of the city of Watts adopted and passed an ordinance relating to the general election to be held in that city on the eighth day of April, 1918, and further providing that the question of licensing or not licensing the sale of alcoholic liquors· in that city be submitted to the electors thereof on the ballots to be used at the election to be held on said eighth day of April.

The several proceedings whereby it is proposed to submit this question to be voted upon at the election of April 8, 1918, have been conducted under the claim that they are in accordance with the provisions of a certain act to provide for the regulation of the traffic in alcoholic liquors by establishing local option, which act was approved on the fourth day of April, 1911. (Stats. 1911, p. 599; Act No. 1696 in Deering's General Laws.) Besides the facts above stated, the complaint in the injunction case alleges that the total number of purported signatures on said initiative petition with street and number address and date, purporting to have been affixed by said purported signers, was 553; that 59 names were rejected by the said city clerk for one reason or another; that the total number of purported signatures remaining was and is 494; that the total number of votes for all candidates for Governor in said city at the last general election was 960; that 25 per cent of said number is the required number of names on said petition; that the number of names required thereon is 240. Paragraph XVIII of the first count of the complaint in the injunction case reads as follows:

That the certificate of said Virgil R. Franklin, city clerk as aforesaid, is false, fraudulent and untrue, and that said petition is false, fraudulent, fictitious, altered, changed, mutilated and void; that plaintiff is informed and believes, and upon that ground alleges the fact to be that the said

certificate is false, fraudulent and untrue, and said petition false, fraudulent, fictitious, altered, changed, mutilated and void in the following particulars and for the following reasons, to wit:

"(1) That 8 names, together with the street and number address, appear twice on the said petition:

"(2) That 3 names appearing on said petition are not the names of registered voters in said defendant city.

"(3) That 3 names appearing thereon are the names of persons not registered in the precinct shown by the address affixed opposite their said names.

"(4) That 346 purported signers did not affix thereto opposite their purported signatures, or at all, the date of such signing and that said 346 dates were affixed thereto by some person or persons other than the purported signers.

"(5) That 13 addresses set opposite 13 purported signatures were not affixed thereto by the purported signer thereof but were affixed by some person or persons other than the said purported signer.

"(6) That 58 names thereon do not correspond or conform to 58 similar names appearing upon affidavits of registration, in the Registrar's office, pertaining to said city.

"(7) That 5 names appearing thereon have additions made thereto by some person other than the purported signers of such names and which before such addition do not correspond to or conform with similar names appearing on the affidavits of registration in the registrar's office pertaining to said defendant city.

"(8) That one purported signer thereto appears by the affidavit of registration pertaining to him to be a person unable to write.

"(9) That 3 purported signatures thereon were not made by the person purported to have signed the same.

"(10) That 15 names appearing thereon have no date affixed thereto.

"(11) That 3 names appearing thereon have no street number affixed thereto.

"(12) That 42 names appearing thereon have no intelligible indication of the date of the purported signature opposite thereto."

In *Baines* v. *Zemansky*, 176 Cal. 369, [168 Pac. 565], the supreme court of California had under consideration certain

questions relating to the power of the superior court to restrain the registrar of voters of the city and county of San Francisco from further action upon certain recall petitions which were then in his hands. In its decision the court said: "Under well-established principles of law it cannot be denied that, if the superior court has jurisdiction, upon any possible state of facts, to prohibit or enjoin the registrar of voters from proceeding with such recall petitions in the manner prescribed in the charter, the sufficiency of the petition or complaint upon which that court acts, so far as the facts stated therein are concerned, cannot be inquired into by this court in this collateral proceeding, but that, on the contrary, its writs and orders must be upheld so far as this case is concerned, and can only be questioned when presented by way of appeal after the final judgment of said court in the cause. If that court has jurisdiction, it may decide the wrong as well as the right in the matter, and its decision is binding on all other persons, officers, and courts, save upon an appeal to the court having appellate jurisdiction of the cause. The sole question for our consideration, therefore, is whether or not the court has jurisdiction of the subject matter of said proceeding in prohibition and of said action for an injunction. For the solution of this question we must look to the provisions of the city charter, the allegations upon which the writs and orders were issued, and the general principles of law applicable to the subject."

So here, the sole question for our consideration is whether or not the superior court is exceeding its jurisdiction in proceeding with the trial of said action for an injunction. And for the solution of this question we must look to the provisions of the statute, the allegations of the complaint in that action, and the acts of the superior court with respect thereto.

The matters really at issue in this proceeding are raised by allegations contained in paragraph XVIII, which we have quoted, of the first count of the Van Zandt complaint. The second and third counts of that complaint allege certain other facts, pleaded as furnishing a different basis of right to the demanded injunction. These counts 2 and 3 present questions, within the jurisdiction of the superior court, for its determination. It is for that court to say whether either of those counts is sufficient to state a cause of action, and we cannot in this proceeding review its decision.

Section 3 of the act in question (Act No. 1696), contains, among other things, the following: "Each petitioner shall, in addition to signing his name to such petition, write opposite his name thereon his place of residence, giving street and number, if any, and such signing, to be valid, must have been done not more than sixty days before the filing of said petition." Section 4 of the act defines the duties of the clerk as follows: "Upon the filing of said petition the clerk of the body to which it is addressed shall forthwith examine it, and from the great register ascertain whether or not said petition is signed by the requisite number of qualified electors of the territory described therein, and, if necessary, he shall be allowed extra help for that purpose, and within ten days from the date of filing such petition he shall certify in writing the result of such examination and shall file his certificate with the petition. If the clerk finds the number of qualified signers to be insufficient, he shall immediately send a written notice to the person who filed the petition, stating the number of qualified signers he has found thereon, and that they are not sufficient; and the petition may be amended within ten days from the date of such notice by the filing of a supplementary petition. The clerk shall within ten days after such amendment make like examination and certification of the amended petition. If it is still found insufficient he shall notify the person who filed the petition of that fact, without prejudice, however, to the filing of a new petition to the same effect. If the petition shall be certified as sufficient, the legislative or governing body having jurisdiction over the territory described therein shall, within the time prescribed herein, call an election to be held in such territory to vote upon the question whether the sale of alcoholic liquors shall be licensed therein."

The superior court has not before it in the injunction case any charge of fraud or willful misconduct upon the part of the city clerk of the city of Watts. The statute imposed upon him the duty and vested in him the authority to examine the petition which was filed with him, "and from the great register ascertain whether or not such petition is signed by the requisite number of qualified electors of the territory described therein." As to all matters comprehended within the proper scope of the examination thus committed to the clerk, his decision thereon is final. This is illustrated by

the matters set forth in subdivisions 1, 2, 3, 4, 6, 8, 10, 11, and 12 of paragraph XVIII of the first count in the complaint, which is above quoted. The matters referred to in those subdivisions are all ascertainable by examination of the petition and of the affidavits attached thereto, either alone or by comparison with the great register or records of registration containing the affidavits of registration as made by the voters.

·The remaining specifications of fraud in the said petition present themselves in a somewhat different light. These are contained in subdivisions 5, 7, and 9 of said paragraph XVIII of the first count of the complaint. If it be true as therein alleged that certain signatures were not made by the persons who purported to have signed the same; or that additions have been made to the names as signed; such additions having been made by unauthorized persons and in a manner amounting to forgery; or if addresses have been set opposite certain signatures which addresses were not affixed thereto by the purported signer thereof, but were affixed by some person other than the purported signer; and if these facts can be shown to have affected the number of signatures to the petition sufficiently to reduce the petition below the required number, we are of the opinion that such fraudulent acts constitute appropriate subject matter for the consideration of the superior court as a court of equity. They are not matters which could become apparent to the clerk in the course of his inspection of the petition or his examination of the great register, and would not be included in the matters passed upon by him in the determination made by him concerning the sufficiency of the petition.

Let a peremptory writ issue, restraining the defendant superior court from proceeding further in the trial of said action entitled *E. G. Van Zandt* v. *City of Watts et al.*, described in the petition filed herein, and from entering any decree or order of injunction therein; save and except that said respondent may proceed to determine the merits of said action with respect to so much thereof as relates to the subject matter of the specifications of fraud mentioned in subdivisions 5, 7, and 9 of paragraph numbered XVIII of the first cause of action set forth in the complaint in said action, and make its decision and judgment thereon; and provided further, that said superior court may consider and determine

the additional matters set forth in the second and third counts of said complaint, together with the subject matter of said subdivisions 5, 7, and 9, and make its decision and judgment thereon.

James J., and Works, J., *pro tem.*, concurred.