[S. F. No. 9952. In Bank.—August 19, 1921.]

JAMES D. WRIGHT, Petitioner, v. LESLIE ENGRAM, City Clerk of the City of Redding, etc., et al., Respondents.

[1] ELECTIONS — RECALL OF ELECTIVE OFFICERS OF INCORPORATED TOWNS—SUFFICIENCY OF PETITION—CERTIORARI.—The action of a city clerk in determining the sufficiency of a recall petition under the act of January 2, 1912, providing for the recall of elective officers of incorporated cities and towns (Stats. (Ex. Sess.) 1911, p. 128), is not judicial in character, and consequently *certiorari* will not lie to review his decision.

APPLICATION for a Writ of Certiorari to review the determination of the sufficiency of a recall petition. Denied.

The facts are stated in the opinion of the court.

Carr & Kennedy and Chenoweth & Leininger for Petitioner.

THE COURT.—The petitioner has filed an application for a writ of *certiorari* to review the action of the defendant Engram, as city clerk of the city of Redding, in determining that a certain petition filed in the office of said clerk for the recall of certain of the city trustees of said city is sufficient to authorize a recall election, as provided in section 1 of the act of January 2, 1912, providing for the recall of elective officers of incorporated cities and towns. (Stats. (Ex. Sess.) 1911, p. 128.)

[1] We are satisfied that the action required of the clerk by that act is not judicial in character and that, consequently, *certiorari* will not lie to review his decision. The act provides that after the recall petition has been filed in his office "within ten days from the date of filing such petition, the clerk shall examine and from the records of registration ascertain whether or not said petition is signed by the requisite number of qualified voters, and he shall attach to said petition his certificate showing the result of said examination." It is this action which is claimed to be judicial and to be, therefore, subject to review. We think all that is required of the clerk to accomplish this duty is to use his

eyesight and capacity for counting to determine whether the names on the petition which also appear on the record of registration constitute enough persons to authorize the recall under the statute, that is, whether or not they number twenty-five per cent of the entire vote cast in such city at the last preceding regular municipal election at which the officers to be recalled were voted for. The record of registration will be sufficient for his information upon the question whether or not the persons signing the petition are qualified voters. The law does not require him to go outside for information, but he must determine "from the records of registration" whether or not the fact exists. Such an examination involves merely ministerial acts and is in no sense judicial.

If it should happen that names were forged to the petition in sufficient number to reduce the lawful signatures to the petition below the statutory requirement, persons legally interested perhaps might have a remedy, the nature and character of which we need not here decide. It is enough for the disposition of this application to say that the action of the clerk is not judicial, and hence *certiorari* is not the proper remedy.

The petitioner relies upon *Baines* v. *Zemansky,* 176 Cal. 376, [168 Pac. 565], and *Fickert* v. *Zemansky,* 176 Cal. 443, [168 Pac. 891]. These cases hold that the action of the registrar of election of the city of San Francisco in determining whether or not a recall petition is sufficient under the provisions of the charter of that city is judicial in character. That conclusion was, however, based entirely on the elaborate provisions of the city charter, which are wholly different from the above-quoted provisions of the recall act applying generally to the cities within the state. The charter provided for an investigation which involved notice to the voters to come forward and prove their eligibility to sign the petition, and involved the decision of various other facts which were appropriate for judicial proceedings and which were not ministerial or clerical in their character. It was held that under the provisions of the constitution relating to the powers of the city of San Francisco it was competent for that city to commit the determination of judicial questions, such as were or might be involved in a recall proceeding, to an officer specially authorized for that purpose,

and that such exclusive jurisdiction was not subject to review in the superior courts on *certiorari,* nor even by way of injunction. This was put upon the ground that the matter was political and that all officers elected were presumed to take their office subject to the conditions imposed by the charter and the provisions thereof for their recall. The cases above mentioned can have no application to the question here presented for consideration. Our complicated system of city government, which gives each city above a certain size power to adopt a charter for its own government, and our numerous statutes relating to and providing for the recall of elective officers, tend to create great confusion on the subject, and when a decision of a court is resorted to for information, close attention must be paid to the particular city and the particular law on which the decision is predicated, otherwise the legal profession is likely to be misled in regard to the construction of the particular law in controversy.

The application for the writ is denied.

All the Justices concurred, except Angellotti, C. J., who was absent.