[Civ. No. 4830. First Appellate District, Division One.—January 3, 1924.]

## EDWIN H. WILLIAMS, Petitioner, v. J. J. GILL, as City Clerk, etc., Respondent.

[1] ELECTIONS—RECALL—FILING OF PETITION—DUTY OF CLERK.—When a petition for the recall of a city trustee is filed with the city clerk, his duty under the law is to do no more than verify the purported signatures appearing on the petition with the great register and certify the result of that examination; and he is not justified in refusing to affix his certificate because of the failure of the signers, at the time of signing, to affix the date after their respective signatures.

[2] ID.—SUFFICIENCY OF PETITION—EVIDENCE—FRAUD.—When a petition for the recall of a city official is filed with the city clerk, his duty is to determine whether the names on the petition, which also appear on the records of registration, constitute enough persons to authorize the recall under the statute; and in the ascertainment of this fact he has no power to go behind the face of the petition. If fraud has been committed a court of equity is the proper forum to determine such questions under appropriate proceedings.

PROCEEDING in Mandamus to compel certification of a recall petition. Writ granted.

The facts are stated in the opinion of the court.

Edwin H. Williams, *in pro. per.*, and Fred J. Russell for Petitioner.

J. Allison Bruner, City Attorney, and Wm. J. Locke for Respondent.

TYLER, P. J.—Petition for mandate to compel the performance of a public duty.

The allegations of the petition show that petitioner is a resident of the city of San Leandro, county of Alameda, and that he is a registered qualified elector, freeholder, and taxpayer therein; that the defendant, Gill, is the qualified and acting city clerk of said city and charged with the performance of all the duties and obligations pertaining to that office; that in the month of April, 1922, a general election

65 Cal. App.—9

for the office of city trustee was held in said city, and that at said election one Allen E. Pelton was duly elected to such office and that he subsequently qualified and now is the acting city trustee of said city.

It is further alleged that on October 5, 1923, plaintiff and others circulated a petition to recall said Pelton from office, which petition was signed by the necessary qualified electors; that after every name signed to the petitions appeared the residence of the signer, by street and number, together with his occupation.

It is then recited that all the signatures to the petition were secured between October 5, 1923, and October 19, 1923, and that plaintiff on said last-named date annexed thereto his affidavit, deposing to this fact and that the affidavit was duly filed with defendant. It is then charged that defendant, after formal demand made upon him, refused to certify that the petition was in legal form and that it had annexed thereto the signatures of more than 253 qualified electors residing in said city, whose names appeared upon the great register of the county and which number constitutes twenty-five per cent of the total number of voters who voted at the last election for such office. That the defendant gave as his reason for refusing to make his certificate that the dates appearing opposite the names of 158 of the signers did not appear to be written in the handwriting of the signers; that such dates appearing after the names of 100 signers were indicated by ditto marks, and that the occupations appearing opposite the names of twenty-four of the signers did not appear to have been written in the handwriting of such signers, and also that a certain number of signatures were secured by a person who was not registered at the time he circulated the petition.

It is further charged that the only evidence defendant had for concluding that the dates on the petition for recall were not written by the respective signers was by a mere inspection of the petition itself and that said opinion was his arbitrary conclusion, not founded upon any other evidence. In his answer to the application for the writ defendant does not deny this fact, and plaintiff's allegation that the dates appearing opposite the signatures are the correct dates is denied by defendant merely upon lack of information and belief.

Petitioner contends that this showing does not entitle respondent to reject any of the names.

Upon the hearing it was conceded by respondent that the petition for recall was regular on its face and that it contained a sufficient number of genuine signatures. The sole question here presented is whether or not a signer is required to himself place upon the petition the true date of his signing.

To the general provisions of the law controlling recall petitions (Const., art. XXIII, sec. 1; Henning's General Laws, 1920, p. 2214) the legislature added a section to the Political Code. Such section reads as follows:

"1083 A, Qualifications for Signing Initiative Petitions, etc. Whenever, by the constitution or laws of this state, any initiative, referendum, recall or nominating petition or paper, or any petition or paper, is required to be signed by qualified electors, only an elector who is a registered qualified elector at the time he signs such petition or paper shall be entitled to sign the same, and no elector shall be entitled to sign any such petition or paper on or after the first day of January of an even-numbered year unless he shall, on or since said first day of January, have made an affidavit of registration as required by law. Such signer shall at the time of so signing such petition or paper affix thereto the date of such signing. Wherever, by the constitution or laws of this state, the county clerk or registrar of voters is required to determine from the records of registration what number of qualified electors have signed such petition or paper, he shall determine that fact with respect to the purported signature of any person from the affidavit of registration, and records relating thereto, current and in effect at the date of such signing of such petition or paper."

It is the contention of the respondent that this section is mandatory, and failure on the part of the signers to comply with its provisions justified his refusal to affix his certificate.

Petitioner, on the other hand, insists that the provisions requiring the signer to affix the date after his signature is directory merely, and failure to comply therewith does not justify the rejection of the signature. It is argued that the addition of the date after the name of the signer has not the least tendency to prevent fraud, and it is only those provisions of the statute controlling elections relating to

the time and place of holding the same, the qualification of voters, and such others as are expressly made essential prerequisites to the validity of an election that are to be held mandatory, and that all others are directory. (*Russell* v. *McDowell,* 83 Cal. 70 [23 Pac. 183].)

[1] We do not deem a discussion or decision upon this subject necessary for whether the provision be mandatory or directory is a question with which the clerk is not concerned. His duty under the law is to do no more than verify the purported signatures appearing on the petition with the great register and certify the result of that examination. His authority is to be found in the General Laws relating to the subject of elections, which is as follows:

"Within ten days from the date of filing such petition the Clerk shall examine and from the records of registration ascertain whether or not said petition is signed by the requisite number of qualified voters, and he shall attach to said petition his certificate showing the result of his examination." (Henning's General Laws, 1920, p. 2214; see, also, Const., art. XXIII, sec. 1.)

The clerk is not clothed with authority to receive extraneous evidence of the contents of a petition. His certificate is only required to show the result of an examination whereby, "from the records of registration," he has ascertained whether or not the petition is signed by the requisite number of qualified voters. (*Beecham* v. *Burns,* 34 Cal. App. 754 [168 Pac. 1058].)

[2] His duty is to determine whether the names on the petition, which also appear on the records of registration, constitute enough persons to authorize the recall under the statute. (*Chester* v. *Hall,* 55 Cal. App. 615 [204 Pac. 237].) In the ascertainment of this fact he has no power to go behind the face of the petition. If fraud has been committed a court of equity is the proper forum to determine such questions under appropriate proceedings. (*Watts* v. *Superior Court,* 36 Cal. App. 692 [173 Pac. 183].)

Let the writ issue as prayed.

St. Sure, J., concurred.