[Civ. No. 5441. First Appellate District, Division One.—December 23, 1925.]

## D. W. RATTO, Petitioner, v. THE BOARD OF TRUSTEES OF THE CITY OF SOUTH SAN FRANCISCO et al., Respondents.

[1] ELECTIONS—RECALL OF CITY OFFICERS—SUFFICIENCY OF PETITION—DETERMINATION OF CLERK.—Under the general law relating to the recall of elective officers of incorporated cities and towns (Stats. (Ex. Sess.) 1911, p. 128), the clerk is required to examine and from the records of registration ascertain whether or not a recall petition is signed by the requisite number of qualified voters, and where he has so certified his determination upon this point is final.

[2] ID.—SUFFICIENT SIGNATURES—DUTY OF CLERK—FRAUD—EQUITY.—The duty of the clerk in ascertaining and certifying to the sufficiency of a recall petition is not judicial, and he is not clothed with authority to receive extraneous evidence of the contents of the petition, his duty being to ascertain from the records of registration whether or not the petition is signed by the requisite number of qualified voters, and if fraud has been committed a court of equity may be resorted to as the proper forum to determine such questions under appropriate proceedings.

[3] ID.—CALLING OF ELECTION—DISCRETION OF TRUSTEES.—Under said statute relating to the recall of elective officers of incorporated cities and towns, no discretion is vested in the trustees as to the question of calling the election, providing the petition contains the statements required by the statute and is properly certified by the clerk as to the number of signatures.

---

1. See 21 Cal. Jur. 1003.
2. See 21 Cal. Jur. 1003, 1004.

[4] Id. — Sufficiency of Grounds. — The only statement that is required to be contained in such a recall petition is one showing the grounds on which the removal or recall is sought, which statement is intended solely for the information of the electors; and the question of the sufficiency of those grounds is not one for the trustees or the courts.

[5] Id.—Statement of Grounds—Mandamus—Pleading.—In a proceeding in *mandamus* to compel the trustees of a city of the sixth class to call a special election to determine whether they shall be recalled, an allegation in the petition for the writ that the recall petition "contained a statement of the grounds on which the recall was sought" is legally sufficient.

(1) 28 Cyc., p. 436, n. 12 New.   (2) 28 Cyc., p. 436, n. 12 New. (3) 28 Cyc., p. 436, n. 12 New.   (4) 28 Cyc., p. 436, n. 12 New. (5) 38 C. J., p. 721, n. 72; 28 Cyc., p. 436, n. 12 New.   .

PROCEEDING in Mandamus to compel the trustees of the city of the sixth class to call a recall election. Referred to the Superior Court of San Mateo County to find facts.

The facts are stated in the opinion of the court.

J. W. Coleberd and Ross & Ross, for Petitioner.

Leo R. Friedman and A. J. Scampini for Respondents.

KNIGHT, J.—A petition has been filed herein for a writ of mandate to compel respondents, as members of the Board of Trustees of the City of South San Francisco, to call a special election to determine whether respondents, as such members of said Board of Trustees, shall be recalled. Respondents have demurred to the petition upon grounds of insufficiency of facts, uncertainty, ambiguity, unintelligibility, and want of jurisdiction of the court. An answer has also been filed.

In support of the demurrer respondents contend that the petition fails to allege the specific number of votes cast at the last general municipal election or the number of valid signatures attached to said recall petition, and that therefore it cannot be determined from said petition

4.  See 21 Cal. Jur. 1003.

whether or not a valid recall petition has been filed; that there is a failure to set forth the grounds on which the recall was sought; that respondents, as members of such Board of Trustees, are not subject to *mandamus* for the reason that they are vested with "a power of determination coupled with an exercise of discretion in the calling of recall election"; that the petition fails to allege that petitioner is without a plain, speedy, or adequate remedy at law, and furthermore, does not set forth the reasons which warrant the exercise of the original jurisdiction by this court.

The City of South San Francisco is organized under the general law as a city of the sixth class. **[1]** The general law relating to the recall of elective officers of incorporated cities and towns (Stats. (Ex. Sess.) 1911, p. 128) provides that within ten days from the filing of the recall petition "the clerk shall examine and from the records of registration ascertain whether or not said petition is signed by the requisite number of qualified voters, and he shall attach to said petition his certificate showing the result of said examination." This, the petition alleges, the city clerk has done, and a copy of his certificate is set forth in the petition, showing that said recall petition "has a sufficient number of qualified electors or voters . . . as required by law." Having so certified, his determination upon this point is final (*Watts* v. *Superior Court*, 36 Cal. App. 692 [173 Pac. 183]; *Good* v. *Common Council*, 5 Cal. App. 265 [90 Pac. 44]). **[2]** But in this connection it should be stated that his duty is not judicial (*Wright* v. *Engram*, 186 Cal. 659 [201 Pac. 788]); he is not clothed with authority to receive extraneous evidence of the contents of the petition, his duty being to ascertain from the records of registration whether or not the petition is signed by the requisite number of qualified voters (*Beecham* v. *Burns*, 34 Cal. App. 754 [168 Pac. 1058]; *Williams* v. *Gill*, 65 Cal. App. 129 [223 Pac. 559]; *Chester* v. *Hall*, 55 Cal. 611), and if fraud has been committed a court of equity may be resorted to as the proper forum to determine such questions under appropriate proceedings (*Williams* v. *Gill*, *supra.*) **[3]** The statute further provides that "if the petition shall be found to be sufficient, the clerk shall submit the same to the legislative body of the city or town without delay, whereupon that body shall forthwith cause a special

election to be held . . . '' It will be observed that under the statute no discretion is vested in the trustees as to the question of calling such election (*Good* v. *Common Council, supra; Sidler* v. *City Council of Bakersfield,* 43 Cal. App. 349 [185 Pac. 194]), providing the petition contains the statements required by the statute (*Sidler* v. *City Council of Bakersfield, supra*), and is properly certified by the clerk as to the number of signatures. [4] The only statement the statute requires to be contained in said petition is one showing ''the grounds on which the removal or recall is sought, which statement is intended solely for the information of the electors.'' The petition before us alleges ''that said (recall) petition contained a statement of the grounds on which the recall was sought, and since, as already pointed out, the grounds of recall are intended solely for the information of the electors, the question of the sufficiency of those grounds is not one for the trustees or the courts (*Laam* v. *McLaren,* 28 Cal. App. 632 [153 Pac. 985]). [5] Consequently, the form of allegation adopted by the petitioner herein is legally sufficient.

Answering the other points raised by the demurrer, it appears from the nature of the proceeding that petitioner has no plain, speedy, or adequate remedy at law; and, in order to avoid delay, this court has already concluded to entertain the proceeding in the exercise of its original jurisdiction.

For the foregoing reasons the demurrer is overruled.

Certain affirmative allegations are made in the answer, however, which raise questions as to matters of fact upon which findings are necessary to be had before this proceeding may be finally determined. It is therefore ordered that the matter of ascertaining the truth of those allegations of fact be referred to the superior court of the state of California in and for the county of San Mateo wherein said City of South San Francisco is situate, and when the findings of that court are entered thereon that the same be forthwith transmitted to the clerk of this court for furher proceedings by this court.

The ultimate questions of fact thus referred to said superior court for trial and decision are embodied in the affirmative allegations set forth in subdivisions ''a,'' ''b,''

"c," "d," and "f," of paragraph V of said answer, and are as follows:

a. How many, if any, of those who have signed said recall petition are not qualified electors in and of said City of South San Francisco?

b. Was that section of said recall petition purporting to have been circulated by one Eugenio Lombardi, and containing twenty-eight signatures, circulated by him or by some other person, and how many, if any, of the names attached thereto were signed out of the presence of said Lombardi?

c. How many, if any, of the purported qualified electors whose names appear on said recall petition, exclusive of those referred to in the two preceding paragraphs, did not add to their respective signatures their occupations, and places of residence by street and number or other designation thereof?

d. How many, if any, of the purported signatures to said recall petition were not signed by qualified electors of said City of South San Francisco, but were signed to said petition by persons other than those bearing said names?

f. How many, if any, of the signers to said petition in writing, withdrew their names therefrom prior to the time said city clerk affixed his certificate thereto?

Lastly, if any of the signatures challenged by respondents upon the grounds hereinabove stated are found to be illegal is the number remaining equal to at least twenty-five per cent of the entire vote cast within said city at the last municipal election for the office of trustee?

The allegations contained in subdivision "e" of said paragraph V of said answer are too indefinite to warrant findings being made thereon.

It is further ordered that the clerk of this court certify to copies of the petition, and the answer herein, which copies shall be furnished by petitioner herein, and that said certified copies attached to a certified copy of this order be forthwith transmitted to the clerk of the superior court of said county of San Mateo.

It is further ordered that the submission of all other matters connected with this proceeding in this court be

and the same is hereby set aside and matter continued until the further order of the court.

Tyler, P. J., and Cashin, J., concurred.