[Civ. No. 5441.   First Appellate District, Division One.—January 21, 1926.]

D. W. RATTO, Petitioner, v. BOARD OF TRUSTEES OF THE CITY OF SOUTH SAN FRANCISCO et al., Respondents.

[1] RECALL—BOARD OF TRUSTEES—SPECIAL ELECTION—SUFFICIENCY OF PETITION—MANDAMUS.—A writ of mandate will issue to compel the board of trustees of a city to call a special election to determine whether the members of said board should be recalled, after said board's refusal to act upon a petition demanding that said election be called, where it appears that the recall petition is legally sufficient in form and in substance and is signed by qualified voters of said city exceeding in number twenty-five per cent of the entire vote cast within said city at the last election for the office of trustee.

(1) 38 C. J., p. 874, n. 75.

PROCEEDING in Mandamus to compel the Board of Trustees of a city to call a special election for recall of trustees.   Writ granted.

The facts are stated in the opinion of the court.

1.   See 21 Cal. Jur. 1004.

J. W. Coleberd and Ross & Ross for Petitioner.

Leo R. Friedman and A. J. Scampini for Respondents.

KNIGHT, J.—*Mandamus.* A petition purporting to have been signed by the required number of qualified voters of the City of South San Francisco was filed and presented to respondents, as the members of the Board of Trustees of said City, demanding that a special election be called to determine whether the members of said Board should be recalled. Said Board of Trustees refused to act upon said petition and thereupon application was made to this court for a writ of mandate to compel said Board to call said special election as demanded in said recall petition. An alternative writ was issued, in response to which respondents filed a demurrer and an answer. The demurrer was over-ruled and the legal questions involved in the proceeding were disposed of at that time (*Ratto* v. *Board of Trustees of the City of South San Francisco,* 75 Cal. App. 724 [243 Pac. 466] ), but the affirmative allegations of the answer raised issues of fact upon which findings were necessary to be had before the proceeding could be finally determined. Those issues of fact were referred to the superior court of the state of California in and for the county of San Mateo for trial and determination. [1] Written findings thereon have since been made and filed, and it appears therefrom and from the matters decided on demurrer that said recall petition is legally sufficient in form and in substance and is signed by qualified voters of said City exceeding in number twenty-five per cent of the entire vote cast within said City at the last election for the office of trustee. We there-fore conclude that a peremptory writ of mandate should issue as prayed for in the petition on file herein, and it is so ordered.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 20, 1926, and a petition by respondents to have the cause heard in the su-preme court, after judgment in the district court of appeal, was denied by the supreme court on March 22, 1926.