[Civ. No. 5504.   Second Appellate District, Division Two.—June 7, 1927.]

# H. W. KOEHLER, Petitioner, v. BOARD OF TRUSTEES OF THE CITY OF CORONADO, etc., et al., Respondents.

[1] PLEADING—CONCLUSIONS OF LAW.—Conclusions of law in a pleading are disregarded.

[2] MANDAMUS—SPECIAL DEMURRER TO PETITION—ABSENCE OF SUPPORTING ARGUMENT.—In a proceeding in *mandamus,* the court need not pass on a special demurrer which attacks the petition for alleged uncertainties, ambiguities, and unintelligibilities, where no argument is presented to support the specifications and but one authority which goes to the merits of the general demurrer.

[3] ELECTIONS — RECALL — CERTIFICATE OF CLERK — FINALITY OF — FRAUDULENT VERIFICATION — FORGERY. — The certificate of a city clerk under the general laws relating to recall elections (Stats. [Ex. Sess.], 1911, p. 128) is final as to all matters properly comprehended by a correct performance of his duties, but is not final upon the question of fraud committed by the verification deputies in certifying that signatures were appended in their presence when, in fact, they were not, nor as to the forgery of names or additions made to signatures of a descriptive nature which would not be evident by a comparison with the records of registration.

[4] ID.—AFFIDAVITS OF REGISTRATION—COMPARISON OF NAMES ON PETITION—DUTY OF CLERK—MUNICIPAL CORPORATIONS—MANDAMUS.—In a proceeding in *mandamus* to compel a city board of trustees to call a special election to determine whether certain trustees should be recalled, the certificate of the city clerk, who compared names on the petition with printed indices provided for by section 1115 of the Political Code, and furnished by the county clerk, instead of with the original affidavits of registration, as required by sections 1083 and 1096 of the Political Code, was ineffective to warrant the issuance of a writ of mandate to compel the calling of the election.

---

(1) 31 Cyc., p. 69, n. 87.   (2) 3 C. J., p. 1428, n. 53, p. 1431, n. 90.   (3) 43 C. J., p. 672, n. 88.   (4) 43 C. J., p. 673, n. 95.

3.   See 21 Cal. Jur. 1001.

PROCEEDING in Mandamus to compel the Board of Trustees of the City of Coronado to call a special election. Writ denied.

The facts are stated in the opinion of the court.

Edward J. Kelly for Petitioner.

Humphrey J. Stewart, George H. Holmes, Fellows Jones and J. C. Hizar for Respondents.

THOMPSON, J.—This original proceeding by a qualified elector of the city of Coronado is brought to secure a writ of mandate directed to the trustees of that city compelling them to call a special election for the purpose of determining whether the following trustees (Humphrey J. Stewart, George Holmes, Fellows Jones, J. E. Alcarez, and Margarethe MacMullen) should be recalled and their successors elected. Since the filing of the recall petition making these demands, however, J. E. Alcarez has resigned as trustee and one Frank L. Wilson has been appointed in his stead, and George Holmes has died and Captain Wm. M. Crose has been elected in his stead, also the respondent Margarethe MacMullen failed to join with her cotrustees in either the answer, the demurrer, or the motion to strike filed in response to the petition and the alternative writ. [1] So far as the motion to strike is concerned, it relates to various conclusions of law and is submitted by respondents with the statement that a reading of the complaint is sufficient to show that they have no place in the complaint. When no more cogent reason is assigned for their detrimental effect it is enough in a proceeding of this character to say that conclusions of law in a pleading are disregarded. [2] Nor are we called upon to pass upon the special demurrer which attacks the petition for alleged uncertainties, ambiguities, and unintelligibilities. No argument is presented to support the specification, and but one authority which goes to the merits of the general demurrer.

The answer to the petition having raised issues of fact a referee was appointed to try the issues and make his findings, from which, together with the pleadings, it appears that on October 18, 1926, a recall petition was first

filed in this present situation, but was apparently abandoned. A second petition, the one here involved, was circulated, and filed on October 21, 1926. The city clerk compared the names on the petition with the printed indices furnished by the county clerk and not with the original affidavits of registration and attached to the petition his certificate as follows:

"I, W. Tilden Clark, City Clerk of the City of Coronado, State of California, do hereby certify: That I am the regularly elected, duly qualified and acting City Clerk of the said City of Coronado, State of California. That on the 21st day of October, A. D. 1926, there was filed in my office a petition demanding the recall of and election of successors to the following-named members of the Board of Trustees of the City of Coronado, to-wit: Humphrey J. Stewart, George Holmes, Fellows Jones, J. E. Alcarez and Margarethe F. MacMullen. That said petition contains the names of more than twenty-five per cent of the entire vote cast at the last preceding municipal elections at which such offices were respectively voted for. That in ascertaining such percentage I have counted only the names of duly qualified electors of said city.

"In Witness Whereof I have hereunto set my hand and affixed the seal of my office the day and year in this certificate first above written, to-wit: the 21st day of October, A. D. 1926.

"(Seal)                         W. TILDEN CLARK,

"City Clerk of the City of Coronado, State of California."

[3] The first consideration relates to the matter of the certificate and whether it is conclusive of the matters therein recited. The petitioner contends that it is final and conclusive. The respondents assert that it may be attacked on the grounds of fraud—which fraud may consist of failure on the part of the clerk to perform his legal duty or of the acts of the verification deputy in certifying that he saw each signature appended when in fact three or four signatures were written out of his presence, or of the forging of some of the names to the petition or of making additions to some of the signatures. It has been held that the duty performed by the city clerk under the general laws relating to recall elections (Stats. [Ex. Sess.] 1911, p. 128) is not judicial but ministerial. (*Ratto* v. *Board of*

*Supervisors,* 75 Cal. App. 724 [243 Pac. 466]; *Wright* v.
*Engram,* 186 Cal. 659 [201 Pac. 788].) Such ruling is not
necessarily determinative of the entire question. It is stated
in *Ratto* v. *Board of Trustees, supra,* that the certificate of
the clerk is final, although the duty performed is not ju-
dicial, and yet it will be observed that in that opinion the
court referred questions to the superior court for findings,
the purpose of which could only be to determine the correct-
ness of the clerk's certificate. The trustees are vested
with no discretion to review the action of the clerk, their
duty being to call the election upon submission to them
of the petition in due form with the clerk's certificate.
(*Ratto* v. *Board of Supervisors, supra; Laam* v. *McLaren,*
28 Cal. App. 632–639 [153 Pac. 985].) In the sense then
that the certificate conclusively establishes those things
which it is the duty of the clerk to do, the certificate is
final and not subject to revision by the trustees. This does
not mean, however, that the certificate is final as to those
things which it is not the duty of the clerk to do nor is it
final if the clerk has failed to perform his duty. It has
been held in a *mandamus* proceeding that the duty of the
trustees does not compel them to call an election where the
petition is legally insufficient. *Sidler* v. *City Council of
Bakersfield,* 43 Cal. App. 352 [185 Pac. 194], and in *Watts*
v. *Superior Court,* 36 Cal. App. 692 [173 Pac. 183], it is
said: "As to all matters comprehended within the proper
scope of examination thus committed to the clerk, his de-
cision thereon is final." And, speaking of forgery of sig-
natures and unauthorized additions thereto, the court says:
"They are not matters which could become apparent to the
clerk in the course of his inspection of the petition or his
examination of the great register, and would not be in-
cluded in the matters passed upon by him in the determina-
tion made by him concerning the sufficiency of the peti-
tion." And as a further indication that the failure of the
clerk to perform his duties or the misconduct of the clerk
might be the proper subject of inquiry, the court says: "The
Superior Court has not before it in the injunction case any
charge of fraud or wilful misconduct upon the part of the
City Clerk of the City of Watts." We are of the opinion
that the certificate of the clerk is final as to all matters
properly comprehended by a correct performance of his

duties, but that it is not final if there has been a failure on his part to perform his duty nor is it a final determination upon the question of fraud committed by the verification deputies in certifying that signatures were appended in their presence when, in fact, they were not. Nor as to the forgery of names which might not be apparent by an inspection of the records of registration, nor as to additions made to signatures of a descriptive nature which would not be evidenced by a comparison with the records of registration. The referee has found that the name of Mrs. B. H. Lyons was not signed in the presence of the verification deputy, Jack R. Alcarez, and from what has been said that signature should not be counted with respect to the finding of the referee that there were three names which were duplicated, and at least three names which should be deducted by reason of nonregistration. It is sufficient to say that the city clerk, upon making a proper examination of the records of registration, will undoubtedly not count those who have not registered and those which have been duplicated.

[4] This conclusion brings us to the next subject of inquiry, to wit, whether or not the city clerk has failed to perform the legal duty incumbent upon him. The section of the "act to provide for the recall of elective officers of incorporated cities and towns," *supra*, defining the duty of the clerk is as follows: "Within ten days from the date of filing such petition, the clerk shall examine and from the records of registration ascertain whether or not said petition is signed by the requisite number of qualified voters, and he shall attach to said petition his certificate showing the result of said examination." It will be noted that the language here used differs from the words employed in the Direct Primary Law of 1913 (Laws 1913, chap. 690, pp. 1379–1388) in this: that the Direct Primary Law requires the sufficiency of nominating petitions to be determined by the county clerk or registrar of voters who "shall examine all nomination papers herein provided for which purport to have been signed by electors of his county or city and county, and shall disregard and mark 'not sufficient' any name appearing on such paper or papers which does not appear in the same handwriting on an *affidavit of registration* (italics ours) in his office made on or before

the date on which such name was signed." It differs also in the same regard from the provisions of section 1083a of the Political Code, a portion of which reads as follows: "Wherever by the constitution or laws of this state, the county clerk or registrar of voters is required to determine from the records of registration what number of qualified electors have signed such petition or paper, he shall determine that fact with respect to the purported signature of any person from the affidavit of registration, and records relating thereto, current and in effect at the date of such signing of such petition or papers." It will be further noted that one of the requisites to constitute a person a qualified elector by the provisions of section 1083 of the Political Code is that he shall have conformed to the law governing the registration of voters. And by the provisions of section 1096 of the Political Code the registrant is required to give certain facts of identification, such, for example, as his "place of residence . . . with sufficient particularity to identify the same, his occupation, his height, his nativity." The printed indices are those indices provided for by section 1115 of the Political Code, in which it is made the duty of the county clerk to prepare an index of each registration-book, which index is to contain the names, occupations, and addresses of the registered voters. It is manifest that by the provisions of the law applicable to the nomination of elective officials and the recall of state and county officers, that the county clerk or the registrar should by comparison investigate, identify, and verify the persons and signatures of the purported signers, and that the requirement that signers of petitions should give the information concerning their occupations and addresses was intended as an aid to him in the verification and identification of their persons and signatures. It is said in *Conn* v. *City Council*, 17 Cal. App. 713 [121 Pac. 714], with respect to a charter provision of the city of Richmond as follows: "The charter provision requiring the signer to give his residence by street and number manifestly was intended solely for the purpose of facilitating the work of the clerk in investigating, identifying and verifying the persons and signatures of the purported signers of the recall petitions, . . . " If this be the manifest intention of the general law it is impossible to conceive that the legisla-

ture did not intend by their use of the words "records of registration" to impose upon the city clerk under the act here in question the same responsibility and to require him to investigate, identify, and verify the persons and signatures of the signers of the petition. It would be impossible for him to determine a palpable and flagrant forgery from his examination of the printed indices. It would be impossible for him to verify the signature of a purported signer from the printed index. It will be observed that the law requires him to ascertain whether the petition is signed by the requisite number of qualified voters. If we were to hold that his duty is performed by an examination of the printed indices the electors of the city would have no assurance of the authenticity of the signatures, and it would be possible for one person to secure a copy of the printed index and write all of the names with their occupations and addresses. It is quite clear, therefore, that the reference to records of registration refers to the affidavits of registration and not to the printed index. From what has been said the result must be that the clerk has failed to comply with the law and his certificate is ineffective for any purpose and the petition for the writ of mandate in this proceeding must be denied.

Exceptions were taken by the respondents to the finding of the referee that the city of Coronado had not used all of the available funds for calling special elections during the year 1926, and to the ruling of the referee, which the respondents say prevented them from proving misrepresentation. The view which we entertain renders it unnecessary for us to discuss the matter further and we cannot see how the questions might arise again in this proceeding.

Writ denied.

Works, P. J., and Johnson, J., *pro tem.*, concurred.