[Civ. No. 6348. First Appellate District, Division One.—December 20, 1928.]

D. HODGES, Appellant, v. E. P. KAUFFMAN, as City Treasurer, etc., Respondent.

Leo R. Friedman for Appellant.

J. W. Coleberd for Respondent.

THE COURT.—A proceeding in *mandamus* was commenced by appellant in the superior court of San Mateo

County to compel respondent, as treasurer of the city of South San Francisco, to pay to him, as assignee thereof, three warrants which had been allowed and issued to him by a vote of the majority of the board of trustees of the city. Two of the warrants, aggregating $233, were issued in payment of claims for fees in serving subpoenas upon certain witnesses and for sums paid to them as their fees and mileage; the third, amounting to $153.22, was for the claim of an expert witness. Judgment was rendered for respondent, from which this appeal was taken.

Some time before the warrants were issued a proceeding in *mandamus* was commenced in the district court of appeal, first district, to compel the board of trustees to set a date for an election to determine whether three of the members of the board, and who constituted the majority thereof, namely, Carl Blank, Hugh McCaffrey, and Hugh Felix McNellis, should be recalled (*Ratto* v. *Board of Trustees*, 75 Cal. App. 724 [243 Pac. 466]). In the latter proceeding it was alleged that the city clerk had attached to a recall petition, which had been duly filed, his certificate that the same was signed by the requisite number of qualified voters, but, notwithstanding, the board refused to fix a date for the election. The board of trustees, as such, was made a party respondent, and with it were joined the five individual members thereof. The three members whose recall was sought joined in an answer, which also purported to be that of the board, but the other members made no appearance. The answer alleged that the recall petition was not signed in the manner provided by law or by the requisite number of qualified electors, and that a section thereof, purporting to have been circulated by the person whose affidavit to that effect was attached, was in fact circulated by another. By order of the district court of appeal these questions were referred for determination to the superior court of San Mateo County, which, following a hearing, found against the contentions of the above-named trustees, and subsequently a peremptory writ of mandate as prayed was issued by the district court of appeal (*Ratto* v. *Board of Trustees*, 76 Cal. App. 276 [245 Pac. 1112]). In the present proceeding the appellant alleged, and the court found, that at the above hearing it became necessary for the respondents therein to present testimony, and to that end to subpoena and pay the fees and

mileage of the witnesses whose names appeared as electors of the city on the petition for the recall election; that there were issued out of the superior court subpoenas directed to about eighty persons, requiring their attendance. In that connection it was further found that the allegation that Charles E. Storeck, as chief of police of the city, one of appellant's assignors, served forty-two or any number of witnesses on behalf of the board of trustees, or incurred or expended in or about such service and the paying of witness and mileage fees the sum of $233, or any sum, was untrue. With respect to the claims represented by the third warrant the court found that while it was necessary for said respondents to present testimony as to the genuineness of the signatures attached to the recall petition it was not necessary to employ a handwriting expert, and it was not true, as alleged, that the board of trustees employed for that purpose or in any capacity the handwriting expert named in the petition and whose claim was assigned to the appellant. It was further found with respect to the claims that each was audited, allowed, and ordered paid by the board, but that two of the board, namely, Cunningham and Eschlebach, protested against the payment of the same. In this connection it appears from the minutes of the board that the claims were audited by the three members sought to be recalled, who constituted the finance committee of the board, and that it was by their votes alone that the same were allowed and ordered paid. It was the court's conclusion that the action of the board in ordering payment of the claims was void, and that the refusal of the treasurer to pay the same was lawful, judgment being entered accordingly.

As claimed by appellant, no evidence was adduced which supported the findings that no subpoenas were served by Storeck, or sums expended or advanced by him, or that the employment of a handwriting expert was unnecessary; and it has been held that a determination by the board of the facts involved in a claim against the municipality is conclusive in the absence of fraud (*McFarland* v. *McCowen*, 98 Cal. 329 [33 Pac. 113]; *McConoughey* v. *Jackson*, 101 Cal. 265 [40 Am. St. Rep. 53, 35 Pac. 863]). ▮ While as a general rule no discretion is vested in its treasurer with respect to the payment of a warrant therefor drawn by the proper officers (*McFarland* v. *McCowen, supra; Victors* v. *Kelsey,* 31 Cal. App. 796 [161 Pac. 1006]; *McGowan* v. *Ford,*

107 Cal. 186 [40 Pac. 231]); nevertheless if the claim is not a legal charge against the municipality, *mandamus* will not lie to compel its payment, even though it has been audited and allowed by the board charged with that duty (*Keller* v. *Hyde,* 20 Cal. 593; *Linden* v. *Case,* 46 Cal. 171; *Walton* v. *McPhetridge,* 120 Cal. 440 [52 Pac. 731]; *California Highway Commission* v. *Riley,* 192 Cal. 97 [218 Pac. 579]). No discretion was vested in the trustees as to the question of calling the election when a petition conforming substantially with the provisions of the statute was filed and the same had been properly certified by the clerk as to the number of signatures (*Ratto* v. *Board of Trustees,* 75 Cal. App. 724 [243 Pac. 466]). The municipality as such owed no duty in the premises, but this duty was imposed by statute on the trustees (Stats. 1911, Ex. Sess., p. 128). The three members thereof whose recall was sought undertook, however, to justify their refusal to call the election by attempting to show that the petition, although sufficient in form, was insufficient in fact, and in this effort failed. Under the circumstances there could be no reasonable ground for the contention that the expense incurred was a municipal charge. The conclusion of the trial court was right, and its judgment is accordingly affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on January 19, 1929, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 18, 1929.

All the Justices concurred.