[Civ. No. 6776. First Appellate District, Division One.—February 13, 1929.]

F. L. MARTIN, Petitioner, v. THE BOARD OF TRUSTEES, etc., et al., Respondents.

Kincaid & Fitzpatrick for Petitioner.

George K. Whitworth and Pardini & Scampini for Respondents.

TYLER, P. J.—*Mandamus* to compel the trustees of the city of Menlo Park to call a recall election. The petition recites that within three months last past petitioner and other qualified electors prepared and circulated a petition for the recall of Alfred E. Blake and Alexander Walker as trustees and members of the city council of the city of Menlo Park and in said petition demanded the election of a successor to each of said persons sought to be recalled. It is alleged that the petition was signed by qualified voters of said city in excess in number of twenty-five per cent of the entire vote cast within such city for all candidates for the office of trustee and member of city council of the city of Menlo Park at the last preceding regular municipal elec-

tion at which two trustees and members of the city counsel sought to be recalled were voted for. The petition contained a statement of the grounds on which the recall was sought and alleged that each signer to said petition of recall added to his signature, at the time of signing, his place of residence and occupation, giving street and number, or proper designation of his place of residence so that the same could be readily ascertained, and also added to his signature the date of signing said petition. Each separate paper to the petition had attached thereto an affidavit of the circulator that the signatures thereto were those of qualified electors and that they had signed the same. On the fourth day of December, 1928, the recall petition was filed with the clerk of the city of Menlo Park, who examined the records of registration and ascertained therefrom that the petition was signed by the requisite number of qualified voters, and she thereupon attached to said petition her certificate showing the result of her examination. It appears therefrom that the petition contained the requisite number of *bona fide* signatures and qualified electors and was sufficient. Thereafter, on December 26, 1928, she submitted the petition to the board of trustees of said city, at their regular meeting, but the members thereof failed and refused to call a special election or to take any action thereon, and continued the matter to a regular meeting of the legislative body to be held on January 8, 1929. Petitioner, on said last-named date, demanded that the legislative body forthwith call a special election for the purpose of voting on the recall petition. The board refused the demand of petitioner and declined to act in the matter. Other allegations are to the effect that no regular election is to occur within sixty days or at any other time prior to the regular municipal election in April, 1930. An alternative writ of mandate was heretofore issued by this court. ■ Respondents demurred to the petition upon various grounds, including insufficiency of facts, ambiguity, unintelligibility, and uncertainty. The demurrer was overruled and respondents answering set up, among other defenses, that they had properly performed their duties and the circulators of the recall petition had procured the names of the signers upon false representations, and that a sufficient number of signers so imposed upon had requested that their names be withdrawn; that when the

number of signers so induced to sign the petition is deducted from the total number of signers there remains on said recall petition less than the number required by law. It is then alleged that the acts of the circulators constituted a palpable fraud on the signers, the trustees sought to be recalled, and the inhabitants generally of the city. The answer raises no issue of merit. The city of Menlo Park is organized under the general law as a city of the sixth class. The provision relating to the recall of elective officers of incorporated cities and towns (Stats. [Ex. Sess.] 1911, p. 128) provides that within ten days from the filing of the recall petition "the clerk shall examine and from the records of registration ascertain whether or not said petition is signed by the requisite number of qualified voters, and he shall attach to said petition his certificate showing the result of such examination." The petition here shows that this has been done and the answer does not deny this fact. Having so certified the determination upon the subject is final. (*Watts* v. *Superior Court,* 36 Cal. App. 692 [173 Pac. 183]; *Ratto* v. *Board of Trustees,* 75 Cal. App. 724 [243 Pac. 466].) In the case last cited it is held that the duty of the clerk is not judicial; he is not clothed with authority to receive extraneous evidence of the contents of the petition other than to ascertain from the records of registration whether or not the petition is properly signed by the requisite number of voters. If fraud has been committed a court of equity may be resorted to as the proper forum to determine such questions under appropriate proceedings. (*Williams* v. *Gill,* 65 Cal. App. 129 [223 Pac. 559].) The statute further provides that "if the petition shall be found to be sufficient, the clerk shall submit the same to the legislative body of the city or town without delay, whereupon that body shall forthwith cause a special election to be held, etc." Under the statute no discretion is vested in the trustees in the question of calling such election (*Good* v. *Common Council,* 5 Cal. App. 265 [90 Pac. 44]), provided the petition contains the statement required by the statute. Here the petition contains all the requirements of the statute and is properly certified to by the clerk. This being so, it is the duty of the board to call the election. It is, therefore, ordered that a writ of mandate issue from this court commanding respondents to forthwith cause a special election to be held

in the city of Menlo Park within not less than thirty-five nor more than forty days from the order calling such election, to determine whether the voters shall recall the officers involved.

Cashin, J., and Knight, J., concurred.